Rina L. PIZZURRO, Plaintiff-Appellant,

v.

ESTATE of John O. HICHEW, Deceased,
Marion H. Hichew, Executrix,
Defendant-Respondent.

No. 60371.

Supreme Court of Missouri,
En Banc.

July 24, 1978.

Thomas M. Gioia, St. Louis, for appellant.

Stephen D. Hoyne, James J. Amelung,
Amelung, Wulff & Willenbrock, St. Louis,
for respondent.

FINCH, Judge.

During the course of litigation involving
plaintiff, Rina Pizzurro, her former hus-
band, Vito Pizzurro, Oasis Car Wash, Inc.
(hereinafter Oasis), Oasis Oil Co., Inc., (two
corporations owned entirely by the Pizzur-
ros) and several other parties, John O. Hi-
chew was appointed as receiver pendente
lite of each of the corporations. While that
case was pending, but after the death of
Hichew, plaintiff filed the petition herein
against the estate of Hichew seeking dam-
ages claimed to have resulted from an al-
leged conflict of interest and breach of a
fiduciary duty by Hichew when in his ca-
pacity as receiver he negotiated a lease
agreement between Oasis and Shell Oil

Company, Inc. The trial court dismissed the petition without prejudice and plaintiff appealed. The Missouri Court of Appeals affirmed. We ordered the case transferred and we now decide the case as though here on direct appeal. We affirm.

The petition was in two counts. Count I alleged that plaintiff owned 50 per cent of the stock of Oasis Car Wash, Inc., "[t]hat Plaintiff brings this action in the right of said corporation as a stockholder thereof in behalf of herself and all other stockholders similarly situated . . . [t]hat Plaintiff has made no effort to secure action from the directors or all other shareholders of said corporation relating to the bringing of this action for the reason that said attempt or effort would have been futile"; that plaintiff is and was a joint owner of real estate which plaintiff leased to Oasis for $3,000.00 per month and Oasis in turn subleased to Shell Oil Co., Inc., for $3,000.00 per month at the same time; that at the termination of said sublease Hichew, as receiver for Oasis, negotiated a new sublease between Oasis and Shell which obligated Shell to pay only $2,000.00 a month which was considerably less than the prior lease; that Hichew and the law firm of which he was a partner represented Shell Oil Co., Inc., in an attorney-client relationship; that plaintiff negotiated a sale of the realty with Shell but the sale was never consummated because the other joint owner was unavailable; that with full knowledge of the prior offer by Shell to purchase the realty in question Hichew refused to enter into any kind of sale agreement among Shell, plaintiff and Oasis; and that as a result of the conflict of interest Oasis was damaged in the sum of $250,000.

Count II realleged "each and every allegation contained in Count I" and further alleged that Oasis was under a contractual obligation to pay plaintiff and the other joint owner of the realty $3,000.00 per month for rent under the lease between plaintiff and Oasis but "by virtue of Defendant's aforementioned conflict of interest and resultant damage no sums were paid to Plaintiff subsequent to January 1971, . . . ." It alleged damages to plaintiff of $144,000.

Defendant filed a motion to dismiss plaintiff's petition alleging failure to state a claim upon which relief could be granted or in the alternative asking that plaintiff make her petition more definite and certain. Subsequently, new counsel were employed by defendant and they filed another motion to dismiss which set out four separate grounds for dismissal. These were (1) that the plaintiff's petition attempted to state a stockholder's derivative action but failed to comply with the requirements of Rule 52.09, V.A.M.R., (2) that a successor receiver was appointed and plaintiff was not the real party in interest, (3) that the lease with Shell Oil Company about which the petition complained had been presented as a proposal in the receivership case to which plaintiff was a party and that the lease had been approved by the court at that time, as a result of which the matter of the propriety of the lease was res judicata, and (4) that the case in which a receiver had been appointed was then pending and it concerned the same subject matter as in plaintiff's petition so that said petition ought to be dismissed. The latter ground was asserted pursuant to Rule 55.27(a)(10).

■ The transcript on appeal shows that on September 24, 1976, "motion of defendant to dismiss was called, heard and submitted" and that on September 27 it was sustained without prejudice. The order did not state the grounds for the decision or whether the court was acting on the first or second motion to dismiss. However, we treat the second motion to dismiss as an amendment of or supplement to the earlier motion to dismiss so that it is considered to include all of the grounds asserted in both motions. If any of said grounds are valid, the trial court's order dismissing the petition must be affirmed. *McClellan v. Highland Sales & Investment Co.*, 514 S.W.2d 371, 374 (Mo.App.1974).

■ It is clear that Count I of the petition was an attempt by plaintiff to assert a stockholder's derivative action on behalf of the corporation. Said count failed to meet

the requirements of Rule 52.09 because it did not "allege with particularity the efforts, if any, made by the plaintiff to obtain the action [she] desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for [her] failure to obtain the action or for not making the effort." It merely alleged that such demand would be "futile." A similar petition which alleged that a demand would be "fruitless" was held deficient in *O'Maley v. ISC Industries, Inc.*, 519 S.W.2d 346, 349 (Mo.App.1975).

While the trial court did not specify the ground on which it was dismissing Count I without prejudice, it is apparent that it was justified on the basis of the assertion in the second motion that it did not comply with the requirements of Rule 52.09 for a stockholder's derivative action. We hold that Count I was not sufficient under Rule 52.09 and the court properly dismissed that count without prejudice. Thus, we need not address the other grounds asserted to justify dismissal of Count I.

Count II realleged all of Count I which would seem to indicate that it, too, was a stockholder's derivative action. However, Count II also alleged that Oasis was under a contractual obligation to pay plaintiff and the other joint owner of the realty (plaintiff's ex-husband) the sum of $3,000 per month as rental, that said rentals had not been paid, that this was the result of defendant's alleged conflict of interest and that plaintiff, as a result, had been damaged in the amount of $144,000. These allegations indicate an attempt to state a cause of action on behalf of plaintiff individually and we so treat it. Therefore, Rule 52.09 was not applicable to Count II. The issue we must resolve is whether for any of the other reasons asserted in defendant's motion, the court correctly dismissed Count II.

In considering this question, we note that in reaching its decision on defendant's motion to dismiss, the trial court was asked to and did take judicial notice of the contents of the circuit court's file in cause number 319,687, then pending in the Circuit Court of St. Louis County.[1] Accordingly, in order to assist the court on appeal to review the trial court's action, the parties have stipulated that the record on appeal in this case shall include the transcript filed in cause numbers 36763 and 38524 in the Missouri Court of Appeals, St. Louis District (558 S.W.2d 683) and a certified copy of the order of the Circuit Court of St. Louis County appointing Vincent Flynn as successor receiver of Oasis. Pursuant to said stipulation, said transcripts and documents were ordered filed and made a part of the record on appeal in this case.

By Count II plaintiff sought to relitigate and have determined anew various questions previously heard and determined by the Circuit Court of St. Louis County in the receivership proceeding. In the first place, as previously noted, plaintiff's petition alleged as a basis for her action a conflict of interest on the part of Hichew in that he acted as receiver of Oasis and at the same time was a partner in a law firm which represented Shell Oil Company, Inc., which had a lease arrangement with Oasis. That issue, as shown by the record on appeal, was raised and passed upon by the court in the receivership. Plaintiff, a party in that action, asked that a receiver for Oasis be appointed. The court granted that request and appointed Hichew. Plaintiff objected to him and sought his removal, asserting a conflict of interest by reason of his firm's representation of Shell and the fact that Shell's lease was terminating shortly. The court heard those objections but overruled them [2] declining to remove Hichew.

1. This case was the one wherein Hichew was appointed receiver of Oasis. Two consolidated appeals in that case are reported as *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683 (Mo.App.1977). Those appeals were dismissed because not timely as to the

order appointing the receiver and because the other matters appealed from were not final judgments and the appeal was premature.

2. Plaintiff's appeal from that order, taken three years later, was dismissed as untimely in *Oasis Car Wash, Inc. v. First North County Bank*, 558

Next, plaintiff alleged as a basis of recovery that as a result of Hichew's conflict of interest he negotiated an inadequate renewal sublease with Shell which called for rentals of $2,000 per month instead of $3,000 as under the prior lease. In that connection she alleged that she had negotiated a sale of the property (owned individually by her and her ex-husband) to Shell for $136,000 plus $18,000 a year for ten years but that it was not consummated because the other joint owner did not join therein. She further alleged that Hichew did not join therein and in her brief complains that Hichew did not take that proposed sale and the value it indicated into consideration in negotiating the new lease with Shell and did not advise the court thereof when submitting the Shell lease for approval.

Again, these allegations pertain to matters which have been litigated previously in the receivership proceeding. The record on appeal discloses that Hichew as receiver filed in cause number 319,687 a petition for authority to enter into a new sublease with Shell for $2,000 per month. It alleged that under the existing lease between plaintiff and her ex-husband as owners and Oasis, it was the obligation of the owners to supply all equipment for the operation of the car wash and filling station. It alleged that the car wash equipment, and particularly the conveyor system, was outmoded and worn out and required repair or replacement which would cost approximately $20,000 and that money for that purpose was not available from the owners or from receivership funds. The petition alleged that in the proposed sublease to Shell it agreed, in addition to the monthly rentals to be paid, to modernize the car wash equipment and the service station equipment and buildings at a cost not to exceed $40,000. A copy of the foregoing petition and proposed sublease was served on plaintiff's attorney and he and plaintiff were present in court when the petition was under consideration. The record discloses discussion concerning the sublease in which plaintiff's attorney

participated. He made no objection to the sublease or to the rental therein provided and did not claim the rental was inadequate. Neither plaintiff nor her attorney mentioned the sale negotiated by plaintiff with Shell although plaintiff obviously had knowledge thereof. When the court indicated it might not approve the sublease, plaintiff's attorney stressed the deterioration of the equipment and the urgency of doing something and stated that the sublease would help. Later, when a final account of Hichew's receivership was filed, plaintiff filed objections thereto which raised this same issue. Those objections were overruled. Plaintiff now seeks to litigate again in this suit the advisability and propriety of the sublease to Shell.

Finally, plaintiff seeks recovery on the basis that Hichew, as receiver of Oasis, was obligated to pay monthly rental of $3,000 to plaintiff and her ex-husband but did not do so and that plaintiff has been damaged as a result. Reference to the record on appeal discloses that in the receivership proceeding plaintiff sought an order from the court for payment by Hichew of this monthly rental of $3,000 and that Hichew sought instructions from the court with reference to payment of such rentals. The court recognized that amounts were due under the lease between the Pizzurros and Oasis but did not order or authorize Hichew to make the payments and he did not make them. Following Hichew's death a final accounting covering his receivership was filed. Plaintiff filed objections thereto which asserted that she was entitled to rentals of $1,500 per month but that Hichew had not paid them but instead preferred other creditors. These objections were overruled.

█ If plaintiff was dissatisfied with what the court did or did not do with reference to the foregoing matters, her means of redress was by appeal in cause 319,687. She cannot forego such appeal and substitute therefor a new hearing and new deter-

S.W.2d 683 (Mo.App.1977), but the court noted in footnote 1 to said opinion that plaintiff would have the right to have that question

reviewed on appeal from a final judgment in that case. Section 512.020, RSMo 1969.

mination in this case of those same questions previously presented and acted upon in the receivership. That is what plaintiff sought to do in Count II of her petition. The cases of *Gardine v. Cottey*, 360 Mo. 681, 230 S.W.2d 731 (Mo. banc 1950), *McCarty v. McCarty*, 300 S.W.2d 394 (Mo.1957), and *Acorn Printing Co. v. Brown*, 385 S.W.2d 12 (Mo.App.1964), all cited and relied on by plaintiff to support her right of action, have no relevancy to the right of plaintiff to relitigate and determine anew issues raised and decided in the receivership proceeding.

The trial court dismissed Count II without prejudice. That action was consistent with a finding that the issues on which plaintiff sought recovery were involved in and acted on in the receivership proceeding. The record on appeal clearly shows this to be true. By dismissing Count II without prejudice, the trial court, in effect, said to plaintiff that if she wanted to pursue those issues further and establish them as a basis of recovery, she must do so in the receivership proceeding (still pending) where they had been heard previously. Dismissal without prejudice permitted that.

We conclude and hold that the court's action in dismissing Count II without prejudice was proper and should be affirmed.

Defendant's motion for damages against plaintiff for frivolous appeal (Rule 84.19) is denied.

The judgment is affirmed.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

SIMEONE, J., not participating because not a member of the court when cause was submitted.