James CROUSE, Plaintiff-Appellant,

v.

Victor BURKEMPER et al.,
Defendants-Respondents.

No. 41135.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1980.

E. Rex Bradley, Louisiana, for plaintiff-appellant.

Peter J. Grewach, Troy, for defendants-respondents.

CRIST, Judge.

Proceeding under § 228.340, RSMo 1969 to establish a road by reason of necessity. We reverse and remand.

At the close of plaintiff's case defendant moved for a directed verdict on the ground that plaintiff had failed to prove the necessity for a private road. The trial court directed a verdict in favor of the defendant on the ground that plaintiff had "failed to sustain the burden necessary for a verdict." For the reason that only one ground was stated in defendants' motion for directed verdict, the issue on appeal is restricted to whether or not plaintiff offered sufficient proof that the private road sought is a way of strict necessity. *Pizzurro v. Estate of Hichew*, 568 S.W.2d 263, 264[1] (Mo. banc 1978).

Under our scope of review, plaintiff is entitled to the most favorable view of all evidence and must be given the benefit of all favorable inferences to be drawn therefrom. *Boyle v. Colonial Life Ins. Co. of America*, 525 S.W.2d 811, 815[6] (Mo.App. 1975). A directed verdict at the close of plaintiff's case is a drastic measure and "should be done only when all of the evidence and the reasonable inferences to be drawn therefrom are so strongly against plaintiff that there is no room for reasonable minds to differ." *Boyle, supra* at 814[1].

The right to a private road over the land of another exists solely by way of necessity. One cannot have a way of necessity because it is more convenient than the way one has. If the party seeking a private road has no legally enforceable right to use an alternative route, he is entitled to a way of necessity. *Sutter v. Sims*, 563 S.W.2d 533, 534[1] (Mo.App.1978).

With the above principles in mind, did plaintiff in this case show that he was landlocked? We believe that he did.

Plaintiff bought 80 acres on May 6, 1968. The defendants owned land adjacent to plaintiff. The defendants had a private road across their property. This road connected with the county road on the south and ended at a dam about ¼ mile from plaintiff's land. Plaintiff desired to establish a road twenty feet wide between his property and the end of defendants' private road so he could travel from his property along the proposed new private road and along the already established road to and from the county road. What were his alternatives?

There were no roads that passed by or along the side of plaintiff's land. The only road he could use was the private road of defendants. He had used this road some ten times to get to his land. He had used no other means of ingress and egress. There was an old, unused road leading northwesterly from plaintiffs 80 acres and ending at the home of one Mr. Austin. Plaintiff stated use of this road would not be feasible.

When plaintiff purchased the 80 acres his deed showed a right of way for road purposes from his 80 acres northeast to the Damron farm. But there was no evidence that this right of way connected to any other roadway. While plaintiff did not investigate or know about this conveyance of a road easement to the Damron farm, there was testimony that this area was grown up in timber. Plaintiff also produced two witnesses who verified that there was no way plaintiff could get out to the county road on the north.

In short, the evidence when considered in a light most favorable to plaintiff shows that he was landlocked. Accordingly, he made a prima facie case. *Hill v. Kennoy, Inc.*, 522 S.W.2d 775 (Mo. banc 1975).

The judgment is reversed and remanded for a new trial.

DOWD, P. J., and REINHARD, J., concur.