Richard STURGEON and Shirley Sturgeon, Plaintiffs–Appellants,

v.

ESTATE of Josephine WIDEMAN, deceased, Defendant–Respondent.

No. 41838.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 12, 1980.

Benson Cytron, House Springs, for plaintiffs–appellants.

Melville Ochsner, St. Louis, for defendant–respondent.

CRIST, Presiding Judge.

▮ Proceeding for the reasonable value of personal services furnished by appellants, Shirley Sturgeon (hereinafter referred to as "daughter") and Richard Sturgeon (hereinafter referred to as "son–in–law") to Josephine Wideman, deceased, (hereinafter referred to as "mother") during the last four years of mother's life.

The trial court directed the verdict in favor of the estate at the close of plaintiffs' evidence finding that daughter and son–in–law failed to prove that they expected to be paid. Under our scope of review, daughter and son–in–law are entitled to the most favorable view of all evidence and the benefit of all favorable inferences which can be drawn therefrom. *Crouse v. Burkemper*, 593 S.W.2d 234, 235 (Mo.App.1979). A directed verdict is a drastic measure and ". . . should be done only when all of the evidence and the reasonable inferences to be drawn therefrom are so strongly against plaintiff that there is no room for reasonable minds to differ." *Boyle v. Colonial Life Insurance Co. of America*, 525 S.W.2d 811, 814 (Mo.App.1975); *Crouse*, 593 S.W.2d at 235.

Prior to November, 1973, mother lived in her own home. She had six children, five of whom contributed money to have someone care for her from time to time. Mother's need for care began in 1969. Her daughter–in–law began to stay with mother periodically and was paid by mother and most of the children, including daughter.

Mother moved into daughter's and son–in–law's home in December of 1973 when she was no longer capable of living alone. She remained there until her death in August, 1977. Daughter had a job but took care of mother when she wasn't working. When daughter was on the job, mother's nieces came to care for mother. They were paid by mother, daughter and four of the other children. Mother intended that everyone who cared for her should be paid.

▮ When no family relationship exists, the law presumes an intent to charge for services rendered. *Jaycox v. Brune*, 434 S.W.2d 539 (Mo.1968). The defense of a family relationship is an affirmative defense and defendant has the burden of proof. *Schanz v. Estate of Terry*, 504 S.W.2d 653, 656 (Mo.App.1974). The existence of a family relationship, once it is established gives rise to a presumption that services rendered were intended to be gratuitous. *Matter of Estate of Kunzler*, 548

S.W.2d 212, 214 (Mo.App.1977); *Schanz*, 504 S.W.2d at 657.

A family relationship is "... members of a collective body under one head and one domestic government, who have reciprocal natural or moral duties to support and care for each other." *Steva v. Steva*, 332 S.W.2d 924, 927 (Mo.1960); *Feely v. Birenbaum*, 554 S.W.2d 432, 435 (Mo.App. 1977). Daughter and son–in–law were married. They had a family of their own. Mother moved in with them, arguably not for the purpose of establishing a family relationship but for the purpose of receiving round–the–clock care. Other relatives who cared for mother while daughter worked were paid for their services. Daughter was one of six children but carried most of the responsibility for caring for mother.

The presumption of gratuitous services springs from reciprocity of benefits, privileges, duties and obligations. Mother's inability to render any services is evidence that such reciprocity is lacking. *In re Grogan's Estate*, 82 Misc. 555, 145 N.Y.S. 285 (1930). *Simmons v. Simmons*, 357 P.2d 949, 951 (Okl.1960). Daughter, as an emancipated, adult child, cared for mother after a lapse of time during which there was no evidence of mutual services and reciprocal duties establishing an on–going family relationship. No family relationship existed prior to mother moving in with daughter and son–in–law. The mere fact that mother came to reside under the same roof with them for the purpose of receiving care does not establish a family relationship and invoke the application of the presumption of gratuity. It was a matter for the jury to determine from all of the circumstances whether services rendered were gratuitous or under an implied contract. *Schanz*, 504 S.W.2d at 657; see, *Hart v. Hess*, 41 Mo. 441 (1867).

Having found that the issue of family relationship between mother and her daughter and her son–in–law was a jury question, we do not reach the question of whether or not there was substantial evidence of daughter's and son–in–law's intentions to charge. With reference thereto, see *Allmon v. Allmon*, 314 S.W.2d 457, 461–462 (Mo.App.1958); *In re Winschel's Estate*, 393 S.W.2d 71, 75 (Mo.App.1965) and *Jaycox v. Brune*, 434 S.W.2d 539, 544 (Mo.1968). The directed verdict at the close of plaintiffs' evidence was premature.

Reversed and remanded for a new trial.

REINHARD and SNYDER, JJ., concur.