Shirley **STURGEON** and Richard Sturgeon, Appellants,

v.

The **ESTATE OF** Josephine **WIDEMAN,** Deceased, Respondent.

No. 44183.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 15, 1981.

Benson Cytron, House Springs, for appellants.

M. A. Ochsner, Clayton, for respondent.

CRIST, Judge.

Second successful appeal from adverse judgments rendered against appellants (claimants) for services furnished to Joseph-

**56** ∎ �merch

ine Wideman (decedent). The first successful appeal was from a directed verdict at the close of claimants' evidence. *Sturgeon v. Estate of Wideman,* 608 S.W.2d 140 (Mo. App.1980). The present appeal, comes after a jury verdict in favor of respondent (decedent's estate). The judgment entered on such verdict must be reversed and remanded by reason of instructional error.

By agreement of the parties, a transcript of evidence of the proceedings herein was not furnished to this court. The legal file constitutes the entire record on this appeal.

Claimants are husband and wife and related to decedent in that claimant wife is the daughter of decedent. In response to claimants' money claim for services furnished to decedent during her lifetime, decedent's estate alleged "family relationship" and "gratuitous rendering of services."

Claimants elected to go to the jury on MAI 28.02, a verdict directing instruction for recovery for services furnished a decedent under an implied contract where a family relationship is admitted or is an issue, as follows:

Your verdict must be for plaintiffs if you believe:

First, plaintiffs furnished valuable services to Josephine Wideman, and

Second, Josephine Wideman, accepted the benefits of such services, and

Third, the conduct and relationship of the plaintiffs and decedent was such as to imply an agreement that payment would be made for such services.

The decedent's estate offered, and the court gave, a converse instruction and two affirmative defense instructions, MAI–32.15 and MAI–32.16.

The giving of MAI–32.16 was error. The instruction given reads:

Your verdict must be for the estate of Josephine Wideman, deceased, if you believe that at the time the services were furnished to Josephine Wideman there existed between plaintiffs and Josephine Wideman such a relationship that there was a natural or moral obligation to support and care for each other.

MAI–32.16, Notes on Use, provides "to be used as a defense to MAI–28.04 *only.*" MAI–28.04 is used when quantum meruit recovery is sought.

Recovery under MAI–28.02 is under implied contract and not under quantum meruit. Assuming there was evidence to give this implied contract instruction, then the giving of MAI–32.16 as an affirmative defense was error. Sufficiency of the evidence for proof of an implied contract was not an issue on this appeal. *See, Kopp v. Trader's Gate City Nat. Bank,* 357 Mo. 659, 210 S.W.2d 49, 51 (1948). By reason of lack of evidence transcription, we do not decide if the giving of MAI–32.15, gratuitous furnishing of services, was appropriate.

Judgment reversed and remanded for new trial.

REINHARD, P. J., and SNYDER, J., concur.