Joseph Victor CUSUMANO and Dr. Sidney Harmon, Appellants,

v.

The CURATORS OF the UNIVERSITY OF MISSOURI, et al., Respondents.

Nos. WD 32384, 32385.

Missouri Court of Appeals, Western District.

April 13, 1982.

James W. Devier, Columbia, for appellants.

Jackson A. Wright, James S. Newberry, Ted D. Ayres, Robert L. Ross, Columbia, for respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This appeal originated with the filing of two separate petitions seeking money damages for alleged breach of contract (Count I) and for the malicious disregard of contractual rights (Count II). The parties stipulated to a change of venue and subsequent thereto, a third count was amended to the petition, seeking money damages (Count III) for the alleged breach of administrative duties. The cases were consolidated for the purpose of the hearing upon the motion to dismiss. The judgment is in the form of an order of dismissal with prejudice. The appeals from the judgment were consolidated by this court. The judgment is affirmed.

In summary, appellant charges the trial court erred in the dismissal of the petitions upon the doctrine of res judicata because (a) there was no showing that the issues had previously been litigated between the parties and (b) there was no showing of sufficient identity of interest between the parties to conclude the parties were privies in a prior action.

Before reciting pertinent facts necessary to the disposition of this appeal, it is necessary to identify the parties. The parties within this appeal will hereafter be referred to by their party designation before the trial court. Joseph Cusumano and Sidney Harmon, appellants (plaintiffs at trial) were former faculty members of the University of Missouri-Rolla. The respondents (defendants at trial) are the University of Missouri, a public corporation [Mo.Const.Art. IX, § 9(a) and § 172.020, RSMo 1978]; the Board of Curators of the University; James Olsen, President of the University; Merl Baker, University Chancellor; Dudley Thompson, Dean; Stewart Johnson, Dean; Glen Haddock, Department Chairman; and Harold Fuller, Dean.[1]

Plaintiff (Cusumano) was hired as an instructor of Engineering Mechanics on a one-year term appointment for the school year 1964–65. He thereafter received additional one-year term appointments for the school years 1965–66, 1966–67, 1967–68, 1968–69, 1969–70, and 1970–71. On or about March 31, 1971, he accepted a *terminal* one-year appointment for the 1971–72 school year. Plaintiff Harmon was hired as an Associate Professor of Mathematics for a one-year term for the school year 1968–69. He thereafter received additional one-year term appointments for the school years 1969–70 and 1970–71. On or about December 22, 1970, he accepted a *terminal* one-year appointment for the 1971–72 school year.

Plaintiffs appealed (to the Board of Curators) the decision on their one-year terminal contracts. Both contended that they were entitled to a status as tenured teachers. Pending this appeal, they filed a joint petition in the United States District Court of Missouri (Eastern District), alleging violation of 42 U.S.C. § 1983 (1970). This action was dismissed without prejudice for lack of jurisdiction and upon the abstention doctrine. Plaintiffs' appeals to the Board of Curators were denied and they filed a second action in the U.S. District Court (Eastern District). This second action also alleged a violation of 42 U.S.C. § 1983 (1970). In response, defendants filed a motion to dismiss on the basis that plaintiffs failed to state a claim against defendants. The U.S. District Court dismissed plaintiffs' petition with prejudice. Plaintiffs appealed to the 8th Circuit Court of Appeals. The 8th Circuit Court of Appeals affirmed the District Court dismissal. Plaintiffs sought review by writ of certiorari to the United States Supreme Court, but their petition was denied. After their petition for a writ was denied, on August 30, 1976, plaintiffs filed these separate but simultaneous actions in the Circuit Court of Phelps County. In response, defendants filed their motion to dismiss alternatively, alleging that the petitions were barred by the doctrine of res

---

1. The curators were sued in both an official and an individual capacity. Olsen and the others were sued in an official capacity only.

judicata *and* that the petitions failed to state a claim upon which relief could be granted against the defendants. A change of venue to the Circuit Court in Boone County was granted, the cases consolidated and a hearing on defendants' motion conducted. Following the hearing, the circuit court entered its order judgment declaring, "Defendants' Motion to Dismiss is sustained, *as to all counts.* Cause is ordered dismissed with prejudice. Costs taxed against plaintiff." This appeal followed, and the cases were consolidated on appeal as per the order of this court.

At the hearing on defendants' motion, by stipulation, two documents were admitted into evidence. The first was the appendix which had been filed in the 8th Circuit Court of Appeals, attending the appeal from the U.S. District Court. The second document was the Academic Tenure Regulations, University of Missouri. These regulations had been established and adopted by the Board of Curators, University of Missouri, on March 10, 1950 and were in effect at the time plaintiffs' contracts were executed and during the pendency of these proceedings.

Both parties spend a great deal of time and effort arguing the doctrine of res judicata. Because of the disposition made herein, this court need not reach and does not reach that point or the argument as to privity, and gives no consideration to either. The real question on this appeal is whether defendants had authority to limit the form or type of contract offered (and accepted) to plaintiffs or whether, by virtue of the respective positions of plaintiffs, the actions of defendants amounted to a breach of contract.

The trial court ordered dismissal of the petitions *upon all grounds stated in the motion to dismiss.* Here, if defendants' actions did not amount to a breach of contract, the petitions failed to state a claim for relief against defendants. It is evident on this appeal that appellants are preoccupied with the doctrine of res judicata. They overlook the remainder of the trial court's ruling which included their failure to state a claim for relief. Even if the trial court had not made its ruling and order inclusive of all grounds in the motion to dismiss, this court would be required to affirm the dismissal upon a finding that any ground asserted was valid, or that the result is correct even though the reason assigned is erroneous or incomplete. *Pizzurro v. Estate of Hichew*, 568 S.W.2d 263 (Mo.banc 1978); *Campbell 66 Exp. v. Thermo King of Springfield*, 563 S.W.2d 776 (Mo.App.1978). See also *McClellan v. Highland Sales & Investment Co.*, 514 S.W.2d 371 (Mo.App.1974) and Rule 73.01(d).

As noted above, the Academic Tenure Regulations, University of Missouri (adopted March 10, 1950) were admitted by stipulation into evidence. The pertinent and applicable portions of those regulations are as follows:

CONCERNING PLAINTIFF CUSUMANO:

Sec. 4. Appointments of persons without experience to regular academic staff positions.

The following provisions apply to an appointment to regular academic staff position of a person who has not previously held a full-time regular or nonregular academic staff position at the rank of Instructor or higher at this University, or a comparable position elsewhere.

A. Instructor. Initial appointment at the rank of Instructor shall be a term appointment for one academic year. The maximum probationary period on term appointments shall not exceed seven years. During the appointee's initial one year term, and during each succeeding term through his seventh year of service, his dean or other appropriate administrative officer shall make one of the following recommendations, except that recommendations (1) and (2) shall not be made during the appointee's seventh year of service:

(1) that he be reappointed Instructor for a term;

(2) that he be promoted to Assistant Professor on term appointment. If such recommendation is effected by Board ac-

tion, Section 4 B controls thereafter, except that the maximum probationary period on term appointments shall not exceed seven years, and all of the service as an Instructor shall be credited toward said seven year period;

(3) that he be promoted to Assistant Professor on continuous appointment;

(4) in exceptional individual cases, that he be reappointed Instructor on continuous appointment;

(5) in special types of positions under the jurisdiction of the Dean of the College of Agriculture, the Dean of the College of Education, the Directors of Experiment Stations, or the Vice-President in Charge of Extra-Divisional Educational Activities, that he be reappointed Instructor on continuous appointment;

(6) that he be reappointed Instructor for a terminal one year term, expressly stated to be such; or

(7) that he not be reappointed, provided there has been timely notice as stipulated in Section 4 E. A formal recommendation to this effect need not be made.

CONCERNING PLAINTIFF HARMON:

C. Associate Professor. Initial appointment at the rank of Associate Professor normally shall be a term appointment. The maximum probationary period on term appointments shall not exceed four years. During the appointee's initial term, and during each succeeding term through his fourth year of service, his dean or other appropriate administrative officer shall make one of the following recommendations, except that recommendation (1) shall not be made during the appointee's fourth year of service;

(1) that he be reappointed Associate Professor for a term;

(2) that he be reappointed Associate Professor on continuous appointment;

(3) that he be promoted to Professor on continuous appointment;

(4) that he be reappointed Associate Professor for a terminal one year term, expressly stated to be such; or

(5) that he not be reappointed, provided there has been timely notice as stipulated in Section 4 E. A formal recommendation to this effect need not be made.

The record reveals that defendants' recommendation as regarded the employment of plaintiff Cusumano was pursuant to 4 A (6) above and in regard to the employment of plaintiff Harmon, pursuant to 4 C (4) above. Plaintiffs claim the foregoing is ambiguous, particularly in light of 4 E, which reads as follows:

E. Notice that reappointment will not be recommended. An appointee who is not to be recommended for reappointment at the end of any term of appointment shall be notified in writing to that effect by his dean or other appropriate administrative officer. Notice of not less than one year shall be given to the following persons: (1) an Instructor who has completed at least three years of service; (2) an Assistant Professor who has completed at least two years of service; and (3) an Associate Professor or Professor who has completed his initial term appointment. In all other cases notice of not less than six months shall be given, i.e., in the usual case of a term appointment for the regular academic year, the notice shall be given prior to March 1.

A terminal one year term appointment expressly stated to be such shall be sufficient notice that the appointee will not be recommended for reappointment at the end of the terminal period.

Where the period of total service at the rank of Instructor is limited by division or department rules, the statement of that limitation in the initial appointment shall be sufficient notice that the appointee will not be recommended for reappointment at the end of the limited period, and no further notice shall be necessary.

There is no ambiguity in the language of the foregoing regulations. A reading of the regulations leads to the conclusion, as it concerns 4 A involving plaintiff Cusumano, that defendant could make employment recommendations pursuant to (3), (4), (5), (6),

or (7), but not (1) and (2). A reading of the regulations leads to the conclusion, as regards 4 C involving plaintiff Harmon, that defendants could make employment recommendations pursuant to (2), (3), (4), or (5), but not (1).

Plaintiffs argue, however, that defendants breached the contract with them because the offer of a terminal one-year contract during the last year of their probationary service amounted to a type of term appointment prohibited during the last year of probationary service. To support this argument, plaintiffs reference 4 E above, under which they argue that the notice for nonrenewal initiates tenure in the next to last year of their probationary service. The reading of defendants' regulations establish that such regulations do not issue or provide for automatic tenure at the end of a probationary service period. In addition, these regulations are worded in such a manner as to provide for a terminal one-year contract (see 4 A and 4 C above) during the last year of probationary service and by such offering, the notice requirement of 4 E above is satisfied. For a somewhat analogous case, see *Grantham v. Rockhurst University, et al.*, 563 S.W.2d 147 (Mo.App. 1978). In *Grantham*, this court ruled that Grantham did not achieve tenure upon signing a seventh consecutive contract which provided tenure after seven years of service; and that within the regulations of Rockhurst, termination of the contract was within the contractual rights of the university and the terms of the contract.

Plaintiffs' contention that they were entitled to tenured status, and that defendants' failure to recognize same was tantamount to a breach of contract, is without merit. The issue of tenure has been considered by the United States Supreme Court in two separate decisions. In *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the court ruled that where a university or college has no formal regulations regarding tenure, then a faculty member could show how a long duration of consecutive appointments could provide *an expectation* of continued employment which could be terminated only for cause and only after a hearing insuring due process. In *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the court ruled that where a university or college has formal written regulations regarding tenure, then the nontenured teacher has no expectancy of reemployment. The instant case comes within the rule in *Roth, supra.*

By the terms and intent within defendants' regulations, plaintiffs did not have an expectation of tenure. *Roth, supra.* In addition, there is no merit to plaintiffs' contention that the foregoing regulations were ambiguous. The regulations authorized defendants to offer plaintiffs a one-year terminal contract [see 4 A (6) and 4 C (4) above]. The terms of 4 A (6) and 4 C (4) served the notice requirements pursuant to 4 E above. The contracts tendered to plaintiffs and accepted by them were within the contractual rights of defendants. Plaintiffs urge unsuccessfully a different interpretation of the applicable regulations. There was no contractual obligation due plaintiffs which was breached, and hence plaintiffs presented no claim upon which relief could be granted against the defendants.

The judgment of the trial court is in all respects affirmed.

All concur.