OASIS CAR WASH, INC., et al., Plaintiffs,

v.

FIRST NORTH COUNTY BANK, etc., et al., Defendants-Respondents,

and

Rina Pizzurro, Defendant-Appellant.

Nos. 36763 and 38524.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 26, 1977.

Motion for Rehearing and/or Transfer Denied Sept. 12, 1977.

Application to Transfer Denied
Oct. 11, 1977.

W. W. Sleater, Clayton, for defendant-appellant.

Thompson & Mitchell, Charles A. Newman, David Wells, Vincent M. Flynn, John R. Parres, St. Louis, Coleman, Ross, Goetz & Schaaf, Clayton, for defendants-respondents.

WEIER, Judge.

Appellant Rina Pizzurro appeals, in two cases consolidated by this court, from trial court action appointing a receiver for corporations partly owned by her and making other rulings concerning payments made and accountings filed by the receiver. Except for one portion of the first appeal questioning a trial court order denying appellant's motion for damages on the injunction bond, we have no jurisdiction of the appeals.

Vito and Rina Pizzurro, formerly husband and wife, owned an automatic car wash establishment. They formed a corporation named Oasis Car Wash, Inc., and leased the car wash premises to the corporation. Oasis Oil Company, Inc., wholly owned by Oasis Car Wash, Inc., subleased part of the premises from the car wash corporation. The business was profitable and apparently ran smoothly for some time. However, when marital relations between Vito and Rina broke down, so did the amicable business arrangement. Vito and Rina resorted to the courts and sought to assert claims against each other, as well as others, in the name of the corporation. They were divorced during the long course of the present litigation. Vito and Rina settled all claims between themselves in the divorce

decree but Rina reserved all her rights against other parties.

The first of the two cases consolidated on appeal (No. 36763) was commenced on March 6, 1971, by a petition filed by Vito and the two corporations against the First North County Bank and Trust Company and Rina praying for a restraining order and injunction to prevent Rina from writing checks as treasurer of the corporations. A restraining order and injunction were issued. Rina filed crossclaims and counterclaims seeking, among other things, the appointment of a temporary receiver pendente lite and, upon a hearing on the merits, a liquidating receiver so that the assets of the corporations could be disbursed to the stockholders in proportion to their holdings. On October 21, 1971, John Hichew was appointed receiver pendente lite and given authority to manage and to delegate the management of the business. Numerous motions were filed and acted upon by various circuit court judges over the next three years. Several hearings were held to determine who should get how much of the assets by way of legal or receiver fees, damages or disbursement to the two stockholders, Vito and Rina. On September 12, 1974, the circuit court issued extensive "Findings of Fact, Orders, Decree and Judgment" wherein the restraining order and injunction were dissolved, a request for permanent injunction was denied and Hichew was appointed liquidating receiver and ordered to liquidate the corporations. Rina's motion for a new trial (which covers twenty-four pages of the transcript and contains forty-six points of alleged error) and her motion for damages on the injunction bond were denied by the trial court on December 20, 1974. Rina has attempted to appeal these actions to this court.

While this appeal was pending Rina filed a motion in this court to remand asserting that the order appealed from was not a final, appealable judgment in that the receiver had not completed his duties and various motions has been entertained by the trial court after the filing of the appeal. This motion was taken with the case.

The receiver died and a successor receiver, Vincent Flynn, was appointed by the trial court on May 3, 1976. A "Final Accounting" submitted on behalf of the deceased receiver Hichew was filed by a member of his former law firm. This accounting was approved on June 11, 1976. Rina's motion to set aside approval of this accounting was overruled on September 13, 1976. Appellant has attempted to appeal from the orders entered June 11, 1976, and September 13, 1976. This is the second of the two consolidated appeals (No. 38524). An exhibit filed with Rina's motion to consolidate the appeals indicates that the successor receiver Flynn filed a "Final Accounting" some time on or after October 1, 1976, which was subsequent to the trial court's action from which Rina took her second appeal.

■ Whether appellant's motion to remand should be granted is really a question of this court's jurisdiction. Even if this issue had not been raised by appellant it would be our duty to consider it sua sponte, if necessary, to determine if we have jurisdiction to consider the case. *Morris v. Patterson,* 549 S.W.2d 613, 614 (Mo.App.1977).

■ The right of appeal is purely statutory. *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889[2] (Mo. banc 1977). Section 512.020 RSMo 1969 allows appeals from various trial court actions including three situations which could apply here to give this court jurisdiction. The first of these is appeals from orders "refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers." The second is appeals from orders "dissolving an injunction." The third is appeals "from any final judgment in the case."

■ Concerning the trial court's refusal to modify an order appointing a receiver, the transcripts indicate that Rina filed a "Motion to Set Aside Order Appointing Receiver Pendente Lite . . ." The trial court overruled this motion on February 4, 1972. This action was appealable under Section 512.020, *supra. Haley v. Horjul,*

*Inc.,* 281 S.W.2d 832 (Mo.1955). But no post-judgment motion was filed and for purposes of ascertaining the time within which an appeal from this action could be taken, the order became final thirty days after it was entered. Rules 81.04 and 81.-05(a). An appeal filed later than ten days after the order became final would not be timely. Rule 81.04. The appeal in this case was filed almost three years after the trial court overruled the motion to set aside the order appointing the receiver. Hence, it was not timely. Our jurisdiction could not be invoked on this ground.[1]

The trial court's action dissolving the restraining order and injunction and refusing to grant a permanent injunction was appealable. Section 512.020 RSMo. 1969; *State ex rel. Taylor v. Anderson,* 362 Mo. 513, 242 S.W.2d 66, 70 (1951). But the party aggrieved by this action has not appealed. Appellant got what she requested and does not object to or appeal from this action. We do not have jurisdiction of the case on this ground.

We come to the question of whether the trial court action actually appealed from in either of these two cases is the "final judgment in the case." Section 512.020 RSMo. 1969. "The general rule is that to be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the trial court has ordered a separate trial of any claim or issue or has specifically designated the particular judgment as a final judgment for the purposes of appeal." *Caudle v. Kelley,* 545 S.W.2d 427, 429[2] (Mo.App.1976).

In the recent case of *Bolin v. Farmers Alliance Mutual Insurance Co., supra,* the Supreme Court held that there was no final judgment where one trial court order sustained the first defendant's motion for summary judgment (and the order recited that the ruling did not affect the rights of the second defendant) and a second court order

sustained without prejudice the second defendant's motion to dismiss as to her because even though the trial court had made disposition of all issues and all parties after the second order, the first interlocutory order was never converted into a final judgment in the case and it remained subject to change by the trial court at any time and the second order did not refer to or incorporate by reference the first and indicate it was a final adjudication. More generally, the court laid out some of the constituent elements of a final judgment at 891[4] as follows:

> "The transcript on appeal should contain a final judgment, plainly constituting such. We should not approve an approach which makes it necessary for the appellate court to decide whether a resolution of the case as to one defendant makes the case moot as to the other, or which makes it necessary for the appellate court to piece and tack together various parts of the record, none of which purport to be a final judgment, and conclude therefrom that collectively they amount to a final judgment. This is not to say that a final judgment must have physically incorporated therein everything necessary to a conclusion that the court by this judgment has disposed of all issues and all parties."

We consider the two cases consolidated in this appeal in light of the above authority.

In the first case consolidated on appeal (No. 36763) the trial court did not order separate trials or specifically designate its judgment as final for purposes of appeal. In fact the court in its order specifically reserved a ruling on the amount of additional fees that would be due the liquidating receiver at the conclusion of his liquidating the corporations. The court also refused to "make an Order at this time in regard to any additional fees [for the attorney acting on behalf of Vito and perhaps the corporations as well] coming from the assets of the two corporations."

---

1. It should be noted, however, that if the action actually appealed from is a final judgment then appellant may still raise the issue of the propriety of the trial court's action in refusing to set aside the order appointing the receiver, even though no appeal was taken from that order within the prescribed time after it was made. Section 512.020 RSMo. 1969.

█ In addition to leaving these matters unresolved, the court ordered the liquidating receiver to "file an up-to-date accounting and to marshal the remaining assets of the corporations in order that this Court might bring this cause to a conclusion . . so that the remaining assets of the corporation, if any, might be distributed to the only two stock holders, Rina Pizzurro and Vito Pizzurro, in equal shares." It is clear that this judgment was not final and appealable. This case is similar to cases finding appeals to be premature when the "judgment" appealed from ordered an accounting and the accounting had not yet been completed. *Proctor v. Jacobs,* 472 S.W.2d 609 (Mo.1971); *Anderson v. Metcalf,* 300 S.W.2d 377, 378–79[5–7] (Mo.1957); *Adams v. Adams,* 294 S.W.2d 18, 21[5] (Mo.1956); *Engel Sheet Metal Equipment, Inc. v. Shewman,* 301 S.W.2d 856, 860[6] (Mo.App.1957). This order also fails as a final judgment because it is not "plainly" or "clearly" final. *Bolin v. Farmers Alliance Mutual Insurance Co., supra* at 891[4].

█ If this judgment had been final and a proper appeal had been taken therefrom, the trial court would have been powerless to exercise further judicial, as opposed to ministerial, functions. *Brock v. Steward,* 519 S.W.2d 365, 367[1] (Mo.App. 1975). Because the ruling was not final, the trial court could, and in fact did, exercise further judicial functions. As noted above, the trial court appointed a successor receiver after the first receiver died. It also approved a "Final Accounting" submitted on behalf of the deceased receiver. The second case consolidated on appeal (No. 38524) is an appeal from this action as well as the trial court order overruling appellant's motion to set aside approval of this accounting.

█ The problem facing us in this second appeal is similar to that in *Bolin v. Farmers Alliance Mutual Insurance Co., supra.* When the "Final Accounting" of the deceased receiver was approved by the trial court, a successor receiver had been appointed and was serving in that capacity. The order approving the alleged "Final Accounting" did not purport to be a final judgment because the successor receiver was still carrying out his duties in the continuing receivership. *See* 75 C.J.S. Receivers § 155, p. 796. Furthermore, for this court to determine if this order together with other numerous orders and rulings made throughout the course of this extended litigation, none of which purport to be a final judgment, collectively constitute a final judgment, would entail the kind of piecing and tacking together of various parts of the record which the Supreme Court specifically disapproved in *Bolin v. Farmers Alliance Mutual Insurance Co., supra* at 891[4].

█ This disposes of all of the second appeal and most of the first. But another order appealed from in the first case is the trial court's order denying Rina's motion for damages on the injunction bond. Proceedings to assess damages on an injunction bond are independent actions. *J and P Trust v. Continental Plants Corp.,* 541 S.W.2d 22, 26[7] (Mo.App.1976); *see also, Niemann v. Carps, Inc.,* 541 S.W.2d 712, 714 (Mo.App.1976). As such, a timely appeal may be taken from an order overruling a motion to assess damages on an injunction bond. *See J and P Trust v. Continental Plants Corp., supra* at 26–27. Such an appeal was taken in this case. On this issue appellant's Point Relied On states, "The Circuit Court Erred in that it Failed to Assess Damages to Defendant Rina Pizzurro After Dissolving the Injunction." This point violates Rule 84.04(d) because it fails to state "wherein and why" this action is claimed to be erroneous. The point fails to preserve anything for review. *Plant v. State,* 547 S.W.2d 835, 837[4] (Mo.App.1977).

The appeals are dismissed.

KELLY, P. J., and GUNN, J., concur.