Larry **STEINMANN** and Roger Steinmann, Plaintiffs/Respondents,

v.

Joe V. **DAVENPORT**, Defendant/Appellant.

No. ED 81183.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 2003.

Application for Transfer Denied March 4, 2003.

William J. O'Herin, Florissant, MO, for appellant.

E. Darrell Davis, St. Charles, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Appellant, Joe Davenport, appeals a judgment dissolving American Topsoil, Inc., a corporation in which he has part ownership, and appointing a receiver to wind up its affairs. Respondents have filed a motion to dismiss. Because we find the judgment is not final and appealable, we sustain the respondents' motion to dismiss and dismiss the appellant's appeal.

According to the pleadings, the respondents each own 25 percent of American Topsoil, while the appellant owns 50 percent. The respondents filed an action under section 351.467 and/or section 351.494, RSMo 2000, to dissolve the corporation and attached a proposed plan of discontinuance to their petition. A hearing was held on the petition. The trial court entered a judgment and order concluding that the respondents were entitled to a decree of discontinuance under section 352.467, to the appointment of a receiver to dissolve the corporation and sell the assets, and to an accounting for all money received by and spent for the corporation. The trial court then dissolved the corporation and appointed Robert Calloway as receiver to wind up the affairs of the corporation. The court further ordered the receiver to conduct an accounting, to perform various activities necessary to wind up the affairs, and to ultimately file a final report and accounting after the winding-up process was complete. The appellant appealed from this judgment.

The respondents have filed a motion to dismiss and suggestions in support of their motion. They contend the judgment was not final and appealable because the trial court retains jurisdiction to supervise the receiver's activities and to approve a final accounting. As such, the court has not resolved all the issues in the case and has left something for a future determination. The appellant has filed a response to the motion to dismiss, contending the judgment being appealed does resolve the disputed issues of the lawsuit, the judicial dissolution of the corporation and the appointment of a receiver to wind up the affairs.

 Except for certain special situations outlined in the statute, an appeal lies only from "any final judgment in the case." Section 512.020, RSMo 2000. A judgment is final only when it disposes of all parties and issues in the case and leaves nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D. 1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

A similar situation was presented in the case, *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683 (Mo.App. E.D.1977). In *Oasis*, one shareholder of a closely held corporation sought the appointment of a receiver and liquidation of the corporation. In a 1974 judgment, the trial court ordered the liquidation and appointed a receiver to wind up the affairs of the corporation. In analyzing this 1974 judgment, the *Oasis* court concluded it was not a final, appealable judgment because matters, which included a marshaling of the assets and an accounting, were left unresolved.[1] *Id.* at 687. The court analogized the case to those finding appeals to be premature in cases ordering an accounting when the accounting had not yet been completed. *Id.*

Just as in *Oasis*, there are matters unresolved in this case. The court ordered the appointment of a receiver and ordered him to wind up the corporation's affairs, which included conducting an accounting and selling the corporate assets. The court further ordered the receiver to file a final accounting with the court after completing the winding-up process. As a result, under *Oasis*, the court has left something for future determination and the judgment is not final and appealable. *Id.* Further, the court did not certify "there is no just reason for delay" in an appeal under Rule 74.01(b). Accordingly, this court is without jurisdiction to hear the appeal.

In addition, we note that section 512.020 also allows appeals from an "order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers." The situation presented in this appeal is not such an order and thus no appeal lies under that provision.

We are cognizant that if the judgment dissolving the corporation is not appealable, there is essentially no remedy of appeal until all the assets are sold. However, the appellant is not without a remedy. The appellant could request that the trial court certify its judgment of dissolution under Rule 74.01(b). In addition, the appellant could seek review by way an extraordinary writ.

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and
ROBERT G. DOWD, JR., JJ., concur.

---

1. A 1976 judgment did enter a "Final Accounting." However, the *Oasis* court stated it was prevented from considering the two judgments together under *Bolin v. Farmers Alliance Mutual Insurance Co.*, 549 S.W.2d 886 (Mo. banc 1977). The *Bolin* decision was overruled by the Missouri Supreme Court in *Magee v. Blue Ridge Professional Building Co., Inc.*, 821 S.W.2d 839 (Mo. banc 1991). However, this does not affect the court's analysis of the 1974 judgment alone. In addition, the *Oasis* court noted that the 1976 judgment alleging a "Final Accounting" did not purport to be a final judgment because the receiver was still carrying out his duties in the continuing receivership. *Oasis*, 558 S.W.2d at 687.