**Roger and Larry STEINMANN, Respondent,**

v.

**Joe DAVENPORT, Appellant.**

No. ED 88051.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 8, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 19, 2008.

Application for Transfer Denied April 15, 2008.

William James O'Herin, Florissant, MO, for appellant.

John C. Maxwell, St. Charles, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Joe Davenport appeals from a judgment in the Circuit Court of St. Charles County in favor of Larry Steinmann and Roger Steinmann dissolving the American Topsoil Company, Inc., ("Topsoil") and distributing the proceeds. We affirm.

### Factual and Procedural Background

Topsoil was incorporated in "the spring of 1997." The Steinmanns, who are brothers, each owned twenty-five percent of Topsoil. Davenport owned the remaining fifty percent. Davenport was president and treasurer of Topsoil. Larry Steinmann was the secretary. Topsoil had no other officers or employees.

Topsoil's sole asset was forty acres of real property in Cottleville, Missouri. Testimony at trial revealed that Topsoil was incorporated for the purpose of removing and selling topsoil from the property, and as well as developing the property as residential real estate.

In 1998, the relationship between the Steinmanns and Davenport became strained. Larry Steinmann testified that in "1997 or the beginning of 1998" he spoke to Rich Francis at Bax Engineering,

an engineering firm, who told him he was "wasting his time" attempting to develop because Topsoil would not be able to get development permits from the City of Cottleville. Larry Steinmann testified that he agreed with this assessment, because he believed that Davenport had been attending Cottleville meetings and "agitating the city." Larry Steinmann testified that since his conversation with Rich Francis, he felt the business should be discontinued. Roger Steinmann offered similar testimony.

Topsoil has not had a shareholder meeting since 1998. Davenport has had limited contact with the Steinmanns since that time. There were two offers to buy the property in 1999 and in 2001, but Davenport refused to accept the offers.

In June, 2001, Davenport filed a suit in the Warren County Circuit Court alleging that the Steinmanns breached their fiduciary duty by not making partnership contributions to the business expenses and by "attempting to transfer the partnership opportunity to develop real estate to third parties outside the partnership who coveted the real estate." Davenport further alleged that "the partnership's key investment opportunity has been seriously diminished and destroyed by [the Steinmanns'] duplicitous actions which are designed to enhance their personal fortunes ..." There is no evidence in the record regarding the procedural posture of the Warren County lawsuit.

On September 7, 2001, in St. Charles County Circuit Court, the Steinmanns filed the action that is the subject of this appeal. The Steinmanns filed a "Petition for Discontinuance and the Dissolution of a Corporation and the Disposition of the Corporate Asset." The Steinmanns alleged that they each have twenty-five percent owner-

ship of Topsoil; they are brothers and are related taxpayers as defined in Section 267 of the Internal Revenue Code; Davenport, an individual residing in St. Charles county, owns fifty percent of Topsoil; "Plaintiffs and the Defendant are unable to agree upon the desirability of continuing the business of [Topsoil], the directors are deadlocked in the management of corporate affairs ... and are unable to agree upon the use and disposition of the sole corporate asset ..." The Steinmanns requested that the court grant a discontinuance of the corporation pursuant to Section 351.467 [1] and a decree of dissolution of the corporation pursuant to Section 351.494.

Davenport filed a Motion to Dismiss for Failure to State a Claim. Davenport argued that there could be no action under Section 351.467 because the corporation had more than two shareholders and that there was no factual basis to support dissolution under Section 351.494. The court held a hearing and denied Davenport's motion. Davenport filed an answer alleging, *inter alia*, that the court had no jurisdiction over the subject matter of the case because there was ongoing litigation in Warren County, to which the discontinuance and dissolution was a compulsory counterclaim. Davenport also claimed that "Plaintiffs alleged cause of action is a breach of fiduciary duty owed to Defendant as Plaintiffs have attempted hereby to convert a corporate/partnership opportunity and thus under the doctrine of *in pari delicto* should be denied relief."

The trial court found that the discontinuance suit did not arise out of the transactions or occurrences that were the subject matter of the Warren County claim. The court found that the Warren County claim was a tort action for breach of fiduciary duty between the business partners, while

---

1. All statutory references are to RSMo.2000 unless otherwise indicated.

the second suit was a petition for statutory dissolution and disposition of the corporate assets.

The dissolution case went to trial, and the court found in favor of the Steinmanns. The court entered its judgment on April 3, 2002, finding, *inter alia*, that the Steinmanns were entitled to a decree of discontinuance under Section 351.467. The court ordered dissolution of Topsoil and appointed a receiver to wind up Topsoil's affairs.[2]

Davenport appealed. On appeal, we determined that the judgment was not a final, appealable judgment in that the receiver was ordered to wind up the corporation's affairs, conduct an accounting, sell the corporate assets and file a final accounting after completing the winding up process. *Steinmann v. Davenport*, 97 S.W.3d 18, 20 (Mo.App. E.D.2002). We decided that, as a result, the court had left "something" for future determination, and therefore the judgment was not final and appealable. *Id.* We further noted that the trial court had not certified "there is no just reason for delay" in an appeal under Rule 74.01(b). *Id.* We recognized that there was "essentially no remedy of appeal until all the assets [were] sold," but noted that Davenport could request that the trial court certify its judgment under rule 74.01(b) or seek review by way of extraordinary writ. *Id.* Davenport did not avail himself of either potential remedy.

On February 16, 2005, Stegmann Farms, XXV, LLC contracted with Topsoil to purchase the real estate for $425,000.00. The Steinmanns filed a motion for the court to approve the sale. On May 12, 2005, the court entered a judgment granting the Steinmanns' motion to approve the sale of the real estate under the terms of the contract. The real estate was sold, and the mortgage amount was paid off. The remainder of the sale proceeds, $168,989.02, was paid into court. On April 17, 2006, the court entered a judgment distributing the funds. The taxes, the receiver's and the receiver's attorney's fees were paid. Davenport was awarded $84,982.62 as repayment of mortgage payments and $491.69 as repayment for expenses paid by Davenport in maintaining the real estate. The remaining amount was proportionally divided between the Steinmanns and Davenport; the Steinmanns each received $1,742.11 and Davenport received $3,484.24.

Davenport now appeals from the April 17, 2006 judgment. On appeal, Davenport argues that the trial court erred in entering the judgment of corporate dissolution because the Steinmanns' claim was a compulsory counterclaim in the Warren County lawsuit that "purported to litigate the parties' identical interest in the American topsoil company at the same time." In his second point, Davenport argues that the trial court erred in dissolving the company "inasmuch as the company was not a party at the time of the order of dissolution or subsequently added as a party and therefore the court's final judgment was a nullity." Finally, Davenport argues that the trial court erred when it dissolved the corporation pursuant to Section 351.467 "because the statute only allows discontinuance when there are two shareholders with fifty percent (50%) of the stock because Plaintiffs and Defendant constitute three (3) shareholders who own 25/25 and 50% respectively and subsection three only modifies suits referred to in subsection 1." The Steinmanns filed a motion to dismiss Davenport's appeal, which is denied.

---

2. The Warren County suit was pending at the time the dissolution case was tried. Since that time, however, the Warren County suit has been tried, resulting in a judgment of $10,000 in favor of Steinmann.

## Standard of Review

As, this is a bench tried case, we will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Id.*

## Discussion

In his first point, Davenport contends that the trial court erred

> when it entered its judgment of corporate dissolution inasmuch as the Plaintiff's claim was a compulsory counterclaim under Rule 55.32(a) and should have been adjudicated as part of the Warren County Lawsuit between the same parties arising from the same facts and circumstances in that both suits purported to litigate the parties' identical interests in the American Topsoil Company at the same time.

■ A point relied on should "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Rule 84.04. Three things are required of a point relied on: "(1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence supports the position the party asserts the trial court should have taken." *Green v. Douglas*, 977 S.W.2d 32, 33 (Mo.App. E.D. 1998). Here, Davenport fails to identify actions or rulings of the trial court pertaining to his compulsory counterclaim argument, stating merely that "[t]he trial court erred when it entered its judgment ..." He also fails to state *in what way* the entry of judgment was erroneous, i.e., the trial court lacked jurisdiction to enter judgment or the trial court abused its discretion in entering judgment, etc.

Moreover, his argument contains little, if any analysis. Davenport merely restates the argument that he made to the trial court, namely, that the trial court lacked subject matter jurisdiction to hear the claim because it was a compulsory counterclaim in the Warren County suit. He also fails to include a statement of the standard of review, as required by Rule 84.04(e).

■ Although this point could be dismissed for failure to comply with Rule 84.04, we will gratuitously review it. Taking the point and the argument together, it appears that Davenport is arguing that the trial court erred in entering judgment on the case because it lacked subject matter jurisdiction to do so.[3] However, Davenport's point is not well taken.

■ The Supreme Court recently held that the compulsory counterclaim rule is not jurisdictional. *Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 532 (Mo. banc 2002). Rather, Rule 55.32 "serves as 'a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims.'" *Id.* at 532. In *Joel Bianco* the Supreme Court overruled previous cases stating that trial courts lacked subject matter jurisdiction over claims that should have been brought in prior actions. *Id.* at 534. Therefore,

---

3. Our jurisdiction for this case is predicated on that of the trial court. *Gov't e-Mgmt. Solutions, Inc. v. Am. Arbitration Ass'n, Inc.*, 142 S.W.3d 857, 860 (Mo.App. E.D.2004). If the trial court lacked jurisdiction over this action, then any judgment entered thereon would be void, depriving us of jurisdiction except to reverse the judgment and remand the cause for dismissal by the trial court. *Id.*

Davenport's claim that the trial court lacked subject matter jurisdiction over the case is not well taken.

■■■ Moreover, we find that the statutory dissolution was not a compulsory counterclaim to the Warren County suit. Rule 55.32(a) defines compulsory counterclaims as "any claim which at the time of serving the pleading the pleader has against any opposing party," provided that (1) "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and (2) it "does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." "The compulsory counterclaim rule is simply the codification of the principles of res judicata and collateral estoppel." *Joel Bianco*, 81 S.W.3d at 534. Claims and issues that could have been litigated in a prior adjudicated action are precluded in a later action between the same parties or those in privity with them. *Beasley v. Mironuck*, 877 S.W.2d 653, 656 (Mo.App. E.D.1994).

Here, we find that the counterclaim did not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." In the Warren County suit, Davenport sued the Steinmanns for damages resulting from a breach of fiduciary duty. On the other hand, the St. Charles County suit was a suit for statutory dissolution of the Topsoil under Sections 351.467 and 351.494 with no damages component. The trial court found, and we agree, that the "transactions" or "occurrences" leading to the suits were separate and distinct.

Furthermore, the statutory dissolution suit would not have been properly brought in the Warren County case. The statutory

dissolution was filed pursuant to 351.467 and 351.494, both of which require the petition for dissolution to be brought in the county where the corporation was incorporated. Section 351.467 requires the action to be filed "with the circuit court in which the principal place of business of such corporation is located." Section 351.494 is governed by Section 351.496, which states that venue for a dissolution case filed by a shareholder "lies in the county where a corporations' principal office, or if none in this state, its registered office, is or was last located." Here, the principal place of business, registered office, and the sole asset of Topsoil were located in St. Charles County.[4] The venue would have been improper, although it would not have divested the Warren County court of jurisdiction, *See Lochhaas v. Burnett*, 77 S.W.3d 12, 16 (Mo.App.E.D.2002). Thus, we cannot say that this statutory dissolution action would have been a compulsory counterclaim in this case. Accordingly, we find that the trial court did not err "in entering judgment" on the case. Point denied.

■■■ In his second point, Davenport contends that the trial court erred in dissolving Topsoil because the company was not a party to the suit. Davenport contends "it is simple logic that if you desire to dissolve a corporation you should do so by including the corporation as a party." Davenport raises this issue for the first time on appeal. However, in Missouri the failure to join an indispensable party is "so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not." *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo. App. E.D.1984). Therefore we must examine whether Topsoil was an indispens-

4. Indeed, Davenport and Roger Steinmann were also residents of St. Charles County at the time both suits were filed. Larry Steinmann's residence was the sole connection to Warren County.

able party to the litigation so as to deprive the trial court of jurisdiction.[5]

■ Rule 52.04 requires the joinder of a person who claims an interest in the subject matter of the action when the disposition of the action in the person's absence might impair or impede the ability to protect that person's interest. *Vahey v. Vahey*, 120 S.W.3d 288, 290 (Mo.App. E.D. 2003). "An 'interest' exists within the meaning of the Rule where there is a 'direct claim upon the subject matter of the action that the person will either gain or lose by direct operation of the judgment.'" *Id.*

Rule 52.04(b) establishes factors to be used in determining whether an absent party was indispensable:

> (i) to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; (ii) the extent to which by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Regarding the first factor, judgment in Topsoil's absence was not prejudicial to the parties or to Topsoil itself. The parties' rights to dissolve or continue Topsoil were fully litigated. Adding Topsoil as a party would not have changed the parties' ability to present evidence or the court's ability to enter a valid judgment disposing of all issues as to all parties. Complete relief was accorded among all parties. Additionally, judgment in Topsoil's absence would not leave any parties with a risk of incurring double liability, as there is no one who could relitigate the issues. Indeed, Topsoil had little or no interests distinct from those of its three shareholders/directors, which would prevent relitigation.

■ Moreover, it appears that the parties treated Topsoil as a party throughout the case. In *McBee v. Gustaaf Vandecnocke Revocable Trust*, the Supreme Court held that a plaintiff's failure to name a trustee, an arguably indispensable party, in the caption of a case did not defeat jurisdiction when the trustee was "identified as the real party in interest" in the body of the petition. 986 S.W.2d 170, 172 (Mo. banc 1999). The court noted that the trustee was not prejudiced by the "defect in the caption" because he was personally served and fully participated in the case. *Id.* Although *McBee* is distinguishable, in that the relationship between a trustee and a trust is quite different from that of a shareholder and a corporation, we believe similar reasoning applies. Here, Topsoil was identified in the petition as the "real party in interest." There was no question that Topsoil was the corporation at issue. It was also readily apparent that the Steinmanns sought dissolution of Topsoil.

Moreover, we note that all shareholders and directors of Topsoil were named in the petition and in the caption and fully participated in the case. Indeed, it appears that there were no interested parties outside of the three named Topsoil shareholders. Topsoil had no employees. At the time of the lawsuit, Topsoil did not appear to be conducting any ongoing business. Davenport claimed that he had sold topsoil "late-

---

5. A jurisdictional issue, such as failure to join an indispensable party, may be raised at any time. However, whether Topsoil was a *necessary* party is not a jurisdictional question. See *Iowa Steel and Wire Co. v. Sheffield Steel Corp.*, 227 S.W.3d 549, 557 (Mo.App.S.D. 2007). Because Davenport did not raise this issue before the trial court, it is not preserved for appellate review.

ly" but there was no accounting of this activity to the other shareholders and the corporation had no funds to pay the mortgage payment on the real estate. In fact, it appears that the majority, if not entirety, of Topsoil's business was passively holding real estate. Thus, there was no prejudice to Topsoil or other parties.

Next, we consider whether the judgment rendered in Topsoil's absence was adequate. Here, all issues were completely resolved as to all parties and no party would be able to relitigate the suit. Therefore, the judgment was adequate. The final factor is not relevant to our determination because the case was not dismissed. Rather, it proceeded absent Topsoil.

We also note that the corporation was dissolved pursuant to Section 351.467, which does not contain a specific requirement that the corporation be joined as a party to a suit. Under Section 351.467, a corporation having two stockholders who are "unable to agree upon the desirability of continuing the business" may be discontinued. Section 351.467 provides:

> [E]ither stockholder may file with the circuit court in which the principal place of business of such corporation is located a petition stating that it desires to discontinue the business of such corporation and to dispose of the assets used in such business in accordance with a plan to be agreed upon by both stockholders or that, if no such plan shall be agreed upon by both stockholders, the corporation be dissolved.

Under the statute, either stockholder may file for dissolution of the corporation. The statute further states that unless both stockholders have agreed upon a plan of discontinuance the court "shall dissolve such corporation" and appoint a receiver to wind up its affairs.

Therefore, under these facts, we find that Topsoil was not an indispensable party to the dissolution. Unquestionably, it is a better practice to name a corporation as a party in dissolution proceedings, but in this case failure to join the corporation did not create a jurisdictional defect. This point is denied.

 In his third point, Davenport contends that the trial court erred in dissolving Topsoil pursuant to Section 351.467 because that statute "only allows discontinuance when there are two shareholders with fifty percent of the stock because plaintiff and defendant constitute three shareholders who own 25/25 and 50% respectively and subsection three only modifies suits referred to in subsection 1."

> Section 351.467 states in relevant part: If, at any time within ninety days prior to the date upon which a petition is filed pursuant to subsection 1 of this section, shares of a corporation are owned by or for the benefit of persons who would be deemed *related taxpayers* for purposes of Section 267 of the Internal Revenue Code of 1986, as amended, or the regulations promulgated thereunder, then such shares shall be deemed *owned by one stockholder* for purposes of this section.

Emphasis added. Under 26 USC 267, "[t]he family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants." Here, the Steinmanns are brothers, and thus, are related taxpayers for purposes of 26 USC 267. Therefore, their shares are deemed owned by a single stockholder for purposes of Section 351.467.

Davenport argues that the correct interpretation of this language is to deny family shareholders the right to use Section 351.467 for discontinuance, even if they otherwise qualify under the "50/50 and two shareholders rules." He further states

that his proposed interpretation "would simply restrict the statute's use to non-family shareholders where there are two parties each owning fifty percent (50%) of the shares" precluding the Steinmanns from dissolving the corporation pursuant to this statute.

Interpretation of the related shareholders language of Section 351.467 is an issue of first impression. Statutory interpretation is a question of law which we review *de novo*. *Robinson v. St. Louis Board of Police Commissioners*, 212 S.W.3d 165, 166 (Mo.App. E.D.2007). In statutory construction, our primary responsibility is ascertaining the intent of the legislature from the language used and giving effect to that intent. *Id.* Courts are not authorized to read into a statute a legislative intent that is contrary to the intent made evident by the plain and ordinary meaning of the language of the statute. *Abbott Ambulance v. St. Charles County Ambulance Dist.*, 193 S.W.3d 354, 358 (Mo.App. E.D.2006). When construing a portion of a statute, we are to construe related clauses. *Id.* We presume the legislature intended every word, clause, sentence and provision of a statute to have effect and did not insert superfluous language into the statute. *Id.*

First, we address Davenport's contention that the related shareholders language "modifies only suits referred to in subsection one." This argument is wholly illogical. Both subsections one and two refer to the dissolution procedure under Section 351.467. Subsections one and two do not refer to different actions. Subsection one directs the filing of a Section 351.467 petition, while subsection two sets the procedure to be followed after the petition is filed. Davenport's contention that one may file a petition, but be restricted from following through with the action defies reason. This was clearly not the legislature's intent.

Subsection three of Section 351.467 begins "If, at any time within ninety days prior to the date upon which a petition is filed pursuant to subsection one of this section . . ." Because this provision reaches back ninety days before the petition is filed, this language indicates that one intention of the legislature was to prevent parties from transferring stock around in anticipation of filing a petition for purposes of dissolving under Section 351.467, when they otherwise would not have been eligible.

Subsection three also states that shares held by persons deemed related under the Internal Revenue Code "shall be deemed owned by one stockholder for purposes of this section." The plain and ordinary interpretation of this language leads us to the conclusion that the Steinmanns, who are brothers, must combine their shares and be "deemed" a single stockholder. In this case, application of this provision would make the Steinmanns a single stockholder owning fifty percent of the shares. There is *nothing* in the language of the statute that supports Davenport's contention that subsection three was intended to restrict the application of the statute to exclude all corporations held by family. Indeed, the plain and ordinary meaning of the language of the statute shows an intent to provide a simple dissolution procedure for corporations with few shareholders which are deadlocked. It would be contrary to the clear intent of the statute to interpret it in such a way that would so substantially restrict its application. Therefore, we find that Davenport's restrictive interpretation of Section 351.467 does not comport with the legislative intent. Point denied.

**18**

### *Conclusion*

We find that the trial court did not err in determining that the statutory dissolution action was not a compulsory counterclaim to the Warren County lawsuit. Under the facts of this case, we find the trial court had jurisdiction to dissolve the corporation pursuant to Section 351.467 even though the company was not a party to the lawsuit. In addition, the trail court did not err in dissolving the corporation because the Steinmanns as brothers owned 50 percent of the shares and under the language of Section 351.467 they were to be treated as a single shareholder.

The decision of the trial court is affirmed.

LAWRENCE E. MOONEY, PJ., and BOOKER T. SHAW, J., concur.