**Anastasia HOFFMAN, Respondent,**

v.

**Richard William HOFFMAN, Appellant.**

**No. ED 91819.**

Missouri Court of Appeals, Eastern District, Division Two.

July 21, 2009.

William P. Grant, St. Louis, MO, for Appellant.

Robert F. Summers, Jill R. Rembusch, St. Louis, MO, for Respondent.

LAWRENCE E. MOONEY, Judge.

The husband, Richard Hoffman, appeals the Final Judgment/Order of Court, Per the Special Master entered by the Circuit Court of St. Louis County following dissolution of the husband's marriage to the wife, Anastasia Hoffman. Because the trial court failed to follow the procedure set forth in Missouri Supreme Court Rule 68.01(g), we reverse the judgment and remand the cause for further proceedings.

■ The wife filed for dissolution of marriage in 2005, and the trial court entered its judgment/decree of dissolution, which *inter alia* dissolved the parties' marriage, provided for custody and support of the parties' children, and characterized and divided the parties' property. The trial court later amended its judgment twice. The parties had numerous difficulties accomplishing the ordered property division. Therefore, with the parties' consent, the trial court appointed a special master in January 2008 "to resolve all remaining issues between the parties necessary to effectuate the terms of the court's Amended Judgment."

The special master met with the parties, without counsel, and the trial court entered its "Final Judgment/Order of Court, Per the Special Master." The special master did not file a report for the parties to review prior to the trial court's entry of judgment. The husband appeals.

■ Missouri Supreme Court Rule 68.01 allows the circuit court to appoint a special master. Masters are appointed to aid judges in specific duties, but "[a] court cannot delegate or abdicate, in whole or in part, its judicial power." *D'Agostino v. D'Agostino*, 54 S.W.3d 191, 200 (Mo.App. W.D.2001). "The trial court must examine and consider the evidence for itself and determine whether the law and the facts of the case justify entry of the judgment recommended by the master." *Id.*

The special master shall file a report with the court clerk, who shall provide all parties with a copy. Rule 68.01(g)(1).[1]

---

1. The full text of Rule 68.01(g) provides:

    (1) *Contents and Filing.* The master shall prepare a report upon the matters submitted by the order of reference and if required to make findings of fact and conclusions of law shall set them forth in the report. The master shall file the report with the clerk of the court together with a transcript of the proceedings including the evidence and exhibits, if any. The clerk shall forthwith mail to all parties notice of the filing and a copy of the master's report.

    (2) *Objections.* Any party within thirty days after being served with notice of the filing of the master's report may file written objections thereto and serve them upon the other parties.

    (3) *Action on Report and Use in Jury Trials.* If no objections are filed, the court may adopt the report. If objections are filed, or the court proposes action other than adoption of the report, the court, after hearing, may adopt the report or may modify it or may reject it in whole or in part or

The parties have thirty days in which to file written objections. Rule 68.01(g)(2). If no objections are filed, the court may adopt the report. Rule 68.01(g)(3). If objections are filed or if the court proposes action other than adoption of the report, then the court, after hearing, may adopt the report, modify it, reject all or part of it, receive further evidence, or recommit the report to the special master with instructions. *Id.*

■ Failure to follow the procedure set forth in Rule 68.01 constitutes reversible error. *Stewart v. Jones*, 58 S.W.3d 926, 929 (Mo.App. S.D.2001) (failure to afford hearing on objections held reversible error); *R.J. v. S.L.J.*, 732 S.W.2d 574, 576–77 (Mo.App. E.D.1987) (error to adopt master's report without requested hearing transcript and without master's required oath). *See also Shaner v. System Integrators, Inc.*, 63 S.W.3d 674, 679 (Mo.App. E.D.2001) (holding accountant's report a nullity not to be considered on remand where appellant had no notice that accountant was appointed special master, accountant did not take oath and did not meet with parties, and appellant had no opportunity to make record or challenge report).

Here, the trial court failed to follow the procedure set forth in Rule 68.01(g). It appears from the record that the special master did not file his report with the court clerk. Thus, the parties received no copy of the report to review, and they had no opportunity to file objections. Had either party timely filed objections, Rule

68.01 would have required the court to conduct a hearing.

■ It is apparent to us that the procedure mandated by Rule 68.01(g) seeks to guarantee the parties due process when the circuit court appoints a special master. The procedure for the trial court's adoption of the special master's report is analogous to the court's entry of judgment on the findings of a commissioner. In that context, due process requires notice and an opportunity for a hearing, and a meaningful opportunity for a hearing includes a reasonable time in which to challenge the commissioner's findings before a circuit judge. *Dabin v. Dir. of Revenue*, 9 S.W.3d 610, 615 (Mo. banc 2000). Similar principles must govern cases involving a special master. Here, the parties received no opportunity to respond to the special master's report or to be heard before the entry of judgment. Furthermore, the record contains nothing revealing the basis for the master's recommendations or the trial court's consideration thereof, thus hindering our review.

■ We reverse the trial court's judgment and remand the cause for further proceedings. We acknowledge that here the trial court appointed the special master with the parties' consent, and that a special master may aid in implementing the court's order. *E.g., Lediner v. Harris*, 145 S.W.3d 479, 482 (Mo.App. S.D.2004); *D'Agostino*, 54 S.W.3d at 195–96. However, it is unclear to us whether use of a special master will aid the parties or the

---

may receive further evidence or may recommit it with instructions. If issues are to be tried by a jury, the master's findings on the issues submitted to the master may be reported to the jury as having been determined and only fact issues other than those determined by the master shall be submitted to or determined by the jury.

(4) *Stipulation as to Findings.* If the parties stipulate that a master's findings of fact shall be final and binding upon them, only questions of law arising upon the master's report shall thereafter be considered.

(5) *Draft Report.* Before filing the report a master may submit a draft thereof to counsel for all parties for the purpose of receiving their suggestions.

court, and the parties and the court may wish to reconsider their use of a special master. First, as a general rule, a judgment must be definite and certain as to the amount for which it is rendered. *Echele v. Echele*, 782 S.W.2d 430, 434 (Mo.App. E.D. 1989). If a decree is so indefinite that it requires a later hearing to determine its meaning and involves discretion, the decree is void and unenforceable. *Id.* at 436. And a decree that fails to set forth any specific and certain criteria to determine the amount due is unenforceable. *Liberty v. Liberty*, 826 S.W.2d 381, 385 (Mo.App. E.D.1992). Second, it is not apparent from the record before us whether either party has moved the court for relief pursuant to Rule 74.07, which might better serve to conclude the case.[2] If the court concludes that use of a special master is warranted, Rule 68.01 shall govern.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

---

**2.** Rule 74.07 provides:

If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party. On application of the party entitled to performance, a writ of attachment or sequestration shall issue against the property of the disobedient party to compel obedience to the judgment. The court may also adjudge the party in contempt. If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue.