**GLICK FINLEY LLC et al.,**
**Plaintiffs/Appellants,**

v.

**Thomas G. GLICK,**
**Defendant/Respondent.**

**No. ED 93002.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 6, 2010.

Terrance J. Good, Saint Louis, MO, for Appellants.

John R. Gunn, Saint Louis, MO, for Respondent.

LAWRENCE E. MOONEY, Judge.

The plaintiffs, Glick Finley LLC (the firm) and Karen Finley, appeal the November 2008 judgment entered by the Circuit Court of the City of St. Louis. In this judgment, the court accepted the receiver's final report and ordered compensation for the receiver, distribution of cash and property, preparation and filing of articles of dissolution for the firm and corresponding publication of notices, preparation and filing of final tax returns, and payment of the receiver's $1 bond. The court's judgment further provided that upon the receiver's filing of a certificate of completion of the enumerated actions, the receiver shall be discharged. The receiver filed a certificate of completion, which was unverified. When the plaintiffs sought the trial court's review of the actions of the receiver, the trial court disclaimed any jurisdiction to review the receiver's compliance with its various orders.

We conclude that the trial court's judgment is not a final, appealable judgment because it is conditioned on the future completion of numerous actions. We dismiss the appeal for lack of a final judgment.

The plaintiff Karen Finley and the defendant Thomas Glick are attorneys who joined their solo practices to create Glick Finley LLC. After a few years with the firm, Glick notified Finley of his intended departure for a larger St. Louis-area law firm. The parties' relationship quickly and seriously deteriorated. The firm and Finley sued for injunctive relief against Glick, which the trial court granted. Glick counterclaimed for dissolution of the firm and

appointment of a receiver. Finding that the parties could not peaceably coexist in a working environment, the trial court judicially dissolved the firm and appointed a receiver. The receiver filed an interim report in September 2007, which the trial court ultimately accepted as an inventory, and the receiver filed his final report in August 2008. The parties filed numerous objections and exceptions to the final report, and the firm and Finley filed a request for findings of fact and an accounting. Without an evidentiary hearing, the trial court denied all objections and exceptions and the request for findings of fact and an accounting when it issued the November 2008 judgment.

The firm and Finley moved for a new trial and again sought findings of fact and conclusions of law. In early January 2009, the receiver "found some additional funds" that he distributed to the parties and their clients, never obtaining judicial approval or ratification. The receiver filed his report of compliance on January 26, 2009, and sought the court's order discharging him. The court neither accepted the receiver's report of compliance nor discharged the receiver. The firm and Finley filed objections and exceptions to the receiver's report of compliance, again sought an inventory and an accounting, and objected that the latest tax returns were prepared incorrectly. Apparently believing he was still engaged, the receiver moved in March 2009 to quash a subpoena to the firm's bank issued by the plaintiffs. In April 2009, the trial court denied all pending motions [1] "for lack of jurisdiction because more than 90 days has transpired since the filing of plaintiff's motion for new trial." The firm and Finley appeal.

In four points on appeal, the firm and Finley claim the trial court erred in denying their after-trial motions for lack of jurisdiction, in approving the receiver's final report without evidence that it was correct and complete, in approving the receiver's final report because the receiver failed to properly perform his duties, and in denying their requests for findings of fact.

The right to appeal is purely statutory. *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683, 685 (Mo.App.St. L.1977). An aggrieved party may appeal the final judgment in the case or from any special order after final judgment. Section 512.020 RSMo. (Supp.2009). Exceptions exist for enumerated orders and interlocutory judgments.[2]

In every appeal, this Court must determine whether we have authority to decide it on its merits. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Bannister v. Pulaski Fin. Corp.*, 255 S.W.3d 538, 541 (Mo.App. E.D. 2008). This judgment does not fall within any of the exceptions enumerated in section 512.020, including an appeal from an order refusing to revoke, modify, or change an interlocutory order appointing a receiver. Therefore, an appeal pursuant to section 512.020 depends upon a final, appealable judgment. A final, appealable judgment disposes of all issues and all parties in the case, leaving nothing for

---

1. Among the pending motions was the receiver's motion for an order discharging him from his duties. Thus, the denial of "all pending motions" operated to deny this motion.

2. The following may also be appealed: an order granting a new trial; an order refusing to revoke, modify, or change an interlocutory order appointing a receiver or dissolving an injunction; an order granting or denying class-action certification under specified circumstances; and interlocutory judgments in partition actions that determine the parties' rights. Section 512.020.

future determination. *Id.*; *Steinmann v. Davenport*, 97 S.W.3d 18, 20 (Mo.App. E.D.2002). Where the trial court fails to either resolve all the issues as to all parties or to expressly designate no just reason for delay under Missouri Supreme Court Rule 74.01(b), we must dismiss the appeal. *Id.*

In *Oasis Car Wash*, this Court determined that an order approving a receiver's purported final accounting was not a final, appealable judgment because the successor receiver was still carrying out his duties in the continuing receivership. 558 S.W.2d at 687. And in *Steinmann*, we held that the judgment was not final and appealable where the trial court left something for future determination, namely an accounting, various winding-up activities, and a final report and accounting. 97 S.W.3d at 19.

Here, the November 2008 judgment does not resolve all issues. Instead, the judgment is conditioned on several actions that the receiver must complete in the future, including paying debt, distributing cash to Finley and Glick, filing articles of dissolution with the secretary of state, publishing notices of dissolution, preparing and filing federal, state, and city tax returns, depositing into the court registry the bond that the court had ordered paid eighteen months earlier, and filing a certificate of completion of the enumerated actions. The court's judgment states that the receiver would be discharged upon the future filing of a certificate of completion.

Thus, the court's November 2008 judgment directed the receiver to complete numerous remaining duties. The receiver's failure to deposit the court-ordered bond until after entry of the judgment, the requirement to prepare and file tax returns in the future, the post-judgment discovery of additional assets distributed without court approval or later ratification,

the absence of any review and acceptance of the receiver's report of compliance, and the failure to discharge the receiver all lead us to conclude that the November 2008 judgment is not a final, appealable judgment.

Furthermore, due process requires that we remand the cause. The receiver's final report and the exceptions thereto occupy the status of pleadings, with the report having the relative status of a petition and the exceptions having the corresponding status of an answer. *Naslund v. Moon Motor Car Co.*, 345 Mo. 465, 134 S.W.2d 102, 105 (1939). The burden of proof rests on the receiver as upon a plaintiff. *Id.* "A report or account of a receiver is to be examined closely, but in a spirit of equity." 75 C.J.S. *Receivers* sec. 455 (2002). All interested persons must be given notice and have a right to be present and to be heard on the passing of a receiver's accounts. 75 *id.* sec. 456.

Here, the parties repeatedly filed objections and exceptions, but the trial court heard no evidence following the August 2008 final report. In essence, the court accepted the receiver's report, denied the parties' objections and exceptions, and entered what purports to be a final judgment based solely on the pleadings. *See Naslund*, 134 S.W.2d at 105. And despite entry of what purports to be a final judgment, the receiver undertook further actions, including discovering and distributing additional assets, preparing and filing tax returns, posting bond, reporting compliance with court instructions, and seeking discharge from his duties. The firm and Finley filed additional objections and exceptions, regarding which the court heard no evidence, and which the court ultimately rejected, based on a perceived lack of jurisdiction. Thus, the parties had no opportunity to be heard or to present evidence regarding the receiver's final re-

port, his later actions, or the report of compliance.

Glick maintains that the November 2008 judgment was a final, appealable judgment because it resolved all issues, leaving nothing for final determination, and that this appeal is untimely.[3] Under Glick's analysis, no court might ever be able to review acceptance of a receiver's final report. The judgment could become final, and the time for appeal could lapse, before the receiver completed the ordered future actions and filed a report of compliance. Indeed, the receiver here filed his report of compliance more than sixty days after the court entered its judgment. Absent a timely, authorized after-trial motion, the judgment would become final, and the trial court would lose jurisdiction thirty days after the judgment's entry. Rule 81.05(a). The time for filing a notice of appeal would expire ten days after that, Rule 81.04(a), regardless of whether the receiver had completed the ordered actions or reported compliance therewith. Glick also contends that the receiver's actions are not reviewable on appeal "because they have no direct bearing on any action of the trial court." However, the receiver is a ministerial officer and representative of the court, who is accountable to the court, and the receiver's office is in the nature of a fiduciary. 75 C.J.S. *Receivers* sec. 139. In sum, under Glick's analysis, the trial court's actions might be unreviewable because the time for appeal could lapse and the receiver's actions would be unreviewable because they occurred after the purported judgment.

Rule 68 establishes the proper procedure for masters and receivers. Rule 68.01 sets forth a more detailed procedure governing masters than does Rule 68.02 governing receivers. Nonetheless, the law regarding masters illustrates the limits of a court's delegation of its authority. While a court may appoint a master to aid the judge in specific duties, a court cannot delegate or abdicate its judicial power. *Hoffman v. Hoffman*, 292 S.W.3d 436, 437 (Mo.App. E.D.2009). The trial court must examine and consider the evidence for itself, and determine whether the law and facts justify the judgment recommended by the master. *Id.* Rule 68.01(g) requires the master to file a report, and the parties have the opportunity to file written objections. If a party files objections, then the court must conduct a hearing before taking further action. Rule 68.01(g)(3); *Hoffman*, 292 S.W.3d at 438. Rule 68.01(g) mandates the procedure to be employed by the trial court in adopting a master's report in order to guarantee due process to the parties. *Id.* Due process in the adoption of a master's report requires notice and an opportunity for a hearing, and a meaningful opportunity for a hearing includes a reasonable time in which to challenge the master's report before the judge. *Id.* Due process commands no less when the court appoints a receiver.

We conclude that the trial court's November 2008 judgment is not a final, appealable judgment. The judgment fails to dispose of all issues in the case because it is conditioned on the future completion of numerous actions. We dismiss the appeal. After the trial court conducts a hearing

---

**3.** In this unusual appeal, the sole point of agreement among the parties may be that this Court has no authority to decide the appeal on its merits. The plaintiffs point to the lack of a final judgment. The defendant asserts that the plaintiffs' notice of appeal is untimely. Despite their agreement on the proper resolution of this appeal—that the appeal should be dismissed—this Court is not relieved of its duty to determine the correct reason for the dismissal.

resolving the parties' objections and exceptions, the trial court may order the final distribution of all properties and discharge the receiver.[4] Upon entry of such final, appealable judgment, any party aggrieved by the judgment may appeal.

MARY K. HOFF and ROY L. RICHTER, JJ., concur.

4. We deny Glick's motion to dismiss for failure to file a timely notice of appeal.