**Earnest Lee LANGSTON, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 72283.**

Missouri Court of Appeals, Western District.

Nov. 30, 2010.

Earnest L. Langston, Appellant pro-se.

Michael J. Spillane for Respondent.

Before Division One:  THOMAS H. NEWTON, Presiding Judge, JAMES M. SMART, JR., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Earnest Langston is presently serving sentences in the Missouri Department of Corrections of three consecutive terms of life imprisonment and additional consecutive sentences totaling 224 years imprisonment resulting from a series of crimes he committed in June 1990.  Those sentences were imposed in December 1991.

After being informed by the Board of Probation and Parole that he would never be eligible for parole and would never be afforded a parole hearing, Langston filed a *pro se* petition for declaratory judgment in the Circuit Court of Cole County on September 25, 2009.  Langston sought a declaration that the Board had erroneously

determined that he would never be eligible for parole and miscalculated his parole eligibility in contradiction to § 217.690(4) and *Wolfe v. Missouri Department of Corrections,* 199 S.W.3d 219 (Mo.App. W.D.2006).

On October 26, 2009, Langston filed a "Supplemental Petition for Declaratory Judgment Relief" asking the circuit court to "allow a *Supplemental Claim* be added to the original petition."[1] He then set forth a claim that he was entitled to have his consecutive sentences converted to concurrent sentences under § 558.019.5, RSMo 1994.

The Board failed to file an answer to Langston's original petition. On December 14, 2009, the Board did answer the Supplemental Petition, addressing only the averments contained therein. In addition, the Board filed a motion for judgment on the pleadings contending that Langston failed to state a claim in the Supplemental Petition because § 558.019.5 was only applicable to offenses committed after August 28, 1994.

On January 11, 2010, Langston filed a Response to Respondent's Answer and requested a hearing on the motion. In addition, Langston filed a "Motion for Leave of Court to File Amended Petition" stating that the reason he sought to file an amended brief was because the Board "filed their Answer and other pleading in this case, but has misconscrewed [sic] the issues (or claims) being raised by petitioner" and that he sought to provide a more definite statement so that the State "may make a proper response." The circuit court never expressly ruled on that motion.

On January 21, 2010, the circuit court entered its judgment stating, in its entirety:

Earnest Lee Langston seeks a declaration that he is entitled to have his consecutive sentences converted to concurrent sentences under § 558.019.5 RSMo 1994. Langston's pleadings and incorporated exhibits establish that he committed his offenses in June 1990. Section 558.019.5 RSMo 1994 may only be applied to offenses committed on after [sic] August 28, 1994. See § 558.019.7 RSMo Supp.1994. Therefore, Langston's claim fails as a matter of law.

Wherefore because based on the information in Langston's own petition and incorporated exhibits Langston's claim fails as a matter of law, judgment on the pleadings is granted for Respondent.

On February 1, 2010, Langston filed a motion to set aside the judgment noting that the judgment failed to address the claims in his original petition and that the court had not yet ruled on his motion to amend his petition. On February 3, 2010, the circuit court denied Langston's motion to set aside without comment. Langston now challenges the circuit court's judgment on appeal, arguing the merits of the claims asserted below.

■■ As in every case in which an appeal is filed, this Court must first determine whether we have the authority to decide the appeal on its merits. *Glick Finley LLC v. Glick,* 310 S.W.3d 713, 715 (Mo.App. E.D.2010). Aside from a limited number of exceptions enumerated in section 512.020, none of which are applicable herein, "[t]here must be a final judgment in order for appellate review, and where the judgment that is being appealed from is not final, this Court lacks authority and must dismiss the appeal." *Title Partners Agency, LLC v. Dorsey,* 308 S.W.3d 308,

---

1. The cover letter accompanying the Supplemental Petition stated, "Please find enclosed herewith Petitioner's Supplemental Petition which is an additional claim petitioner wish [sic] to be add [sic] to his original petition for declaratory judgment."

310 (Mo.App. E.D.2010). "A final, appealable judgment disposes of all issues and parties in the case, leaving nothing for future determination." *Glick,* 310 S.W.3d at 715–16. "Where the trial court fails to either resolve all the issues as to all parties or to expressly designate no just reason for delay under Missouri Supreme Court Rule 74.01(b), we must dismiss the appeal." *Id.* at 716.

■ In this case, the Board has filed a Motion to Dismiss Appeal Due to Lack of a Final Appealable Judgment, noting that the judgment failed to address the claims set forth in the original petition and acknowledging that "Langston appears to be entitled to a decision on the claim in the original petition in the trial court." The Board contends that the appeal should be dismissed because there was no final judgment addressing all of the claims in the case. The motion was taken with the case. As a result, Respondent filed its brief alternatively advocating affirmance of the trial court's judgment, arguing that Langston's filing of the Supplemental Petition constituted an unintentional abandonment of the claims in his original petition.

The motion court did not certify this case for appeal under Rule 74.01(b), and its judgment clearly fails to address the claims asserted by Langston in his original petition. Thus, our only remaining consideration is whether the claims in the original petition were live issues before the trial court or whether Langston abandoned them as now asserted by the Board.

■ As a general rule, "[o]nce an amended pleading is filed, any prior pleadings not referred to or incorporated into the new pleadings are considered abandoned." *State ex rel. Bugg v. Roper,* 179 S.W.3d 893, 894 (Mo. banc 2005). The Board's argument that this rule applies to this case is, however, fundamentally flawed. The petition was denominated a "supplemental petition" and not an "amended petition." The term "supplemental" means "[t]hat which is added to a thing or act to complete it." *Black's Law Dictionary* 1438 (6th ed.1990). Moreover, the language contained of the Supplemental Petition clearly reflects a desire to supplement, and not to replace, the prior petition, and it clearly and expressly refers to the original petition, asking the circuit court to "allow a *Supplemental Claim* be added to the original petition." The abandonment rule does not apply to prior pleadings referenced in the new pleading. *Bugg,* 179 S.W.3d at 894.

■ Accordingly, the claims raised in Langston's original petition have yet to be decided by the trial court. Because the trial court failed to resolve all of the issues before it and has not expressly designated that there is no reason for delay under Rule 74.019(b), this court lacks the authority to entertain Langston's appeal on the merits. *Glick,* 310 S.W.3d at 716. The appeal is, therefore, dismissed, and the cause is remanded to the trial court for further proceedings.

All concur.