

# In the
# Missouri Court of Appeals
# Western District

JAMES D MERCHANT, ET AL.,                )
                                         )
        Respondents;                     )
                                         )
JAMES D MERCHANT, PERSONAL               )
REPRESENTATIVE FOR                       )
JAMES T MERCHANT (DECEASED),             )        **WD85650**
                                         )        **OPINION FILED:**
        Respondent,                      )        **JANUARY 2, 2024**
                                         )
        v.                               )
                                         )
MICHAEL RAY THOMAS,                      )
JEFFREY P HOEY, ET AL.,                  )
                                         )
        Appellants.                      )

**Appeal from the Circuit Court of Saline County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division One: Edward R. Ardini, Jr., Presiding Judge,**
**Anthony Rex Gabbert, Judge, Thomas N. Chapman, Judge**

The purported new Board of Directors of Marshall Temple Association appeals the

judgment of the Saline County Circuit Court granting injunctive and declaratory relief.

In two points on appeal, they claim the trial court's judgment is not supported by

substantial evidence and that the trial court lacked jurisdiction because it failed to include all necessary parties.  The judgment is reversed and remanded.

## Facts

The Marshall Masonic Temple Association ("Marshall Temple") is a Missouri not-for-profit corporation.  The Articles of Incorporation ("Original Articles of Incorporation") filed with the Missouri Secretary of State in 1965 state that the purposes for which the corporation is organized are:

> To promote the principles of morality, integrity, good citizenship, and brotherly love in the community, and to encourage and promote the fraternal precepts of Free Masonry;
> To acquire, equip, furnish and maintain a Masonic Temple for the use of the Masonic Bodies of Ancient Free and Accepted Masons of the State of Missouri, now or hereafter organized in Marshall, Missouri, to hold title to and manage said Temple and the personal property placed therein for the use of said Masonic Bodies and the members thereof, all in the furtherance of the principles and tenets of Free Masonry without pecuniary consideration to the Association.  The corporation shall have all the powers conferred upon fraternal corporations by the General Not for Profit Corporation Act of Missouri consistent with such purpose.

The Original Articles of Incorporation further provided:

> In the event this corporation should dissolve or cease to function, then all assets of the corporation shall revert to Trilumina Lodge No. 205, Ancient Free and Accepted Masons, if such Lodge is then existent; and in the event said Lodge is dissolved or nonexistent, then such assts shall revert to the Grand Lodge of Ancient Free and Accepted Masons of the State of Missouri.

The Grand Lodge of Ancient Free and Accepted Masons ("Grand Lodge") is also a benevolent Missouri corporation.  Trilumina Lodge No. 2015 of the Ancient Free and

2

Accepted Masons ("Trilumina Lodge") is a fraternal subchapter of Grand Lodge. Trilumina Lodge is not a separate Missouri corporation.

Under the Original Articles of Incorporation, Marshall Temple had no members or stockholders but did have a perpetuating Board of Directors. The Directors of Marshall Temple were to be elected from members of Trilumina Lodge at all Trilumina Lodge annual meetings. Pursuant to the Original Articles of Incorporation, there were six Directors, each serving a three-year term. Directors' terms were staggered such that only two Directors' terms expired each year. Thus, two Directors were elected at each annual meeting.

Two Directors were elected at the 2019 annual meeting. Because of the COVID-19 pandemic, Trilumina Lodge did not hold meetings or have election communications in 2020 and 2021. No Director elections were held in those two years.

On August 4, 2021, Marshall Temple filed duly Amended Articles of Incorporation ("Amended Articles of Incorporation") with the Missouri Secretary of State. The Amended Articles of Incorporation removed all references to Masonry, Grand Lodge, or Trilumina Lodge. They changed the name from Marshall Masonic Temple Association to Marshall Temple Association. They changed the purpose of the corporation to "the transaction of any lawful activity conducted on a non-profit basis exclusively for benevolent purposes consistent with Revised Statutes of Missouri Chapter 355 and Internal Revenue Code Section 501(c)(3)."

The Amended Articles of Incorporation identified the current Directors of Marshall Temple. The Directors on August 4, 2021 were the same Directors from after the 2019 annual meeting: Brian Bench, Russell Cooksey, Paul E. Harper, Herbert Latchaw, James D. Merchant, and Ronald Tennill ("2019 Board of Directors"). The Amended Articles of Incorporation provided that elections shall be held annually at the time specified in the bylaws. The terms of two Directors expired each year, starting in 2022. Marshall Temple still had no members or stockholders. The Amended Articles of Incorporation provided:

> In the event this corporation should dissolve, then all assets of the corporation shall be distributed to another non-profit tax-exempt entity as decided by the Board of Directors.

On August 5, 2021, Michael Ray Thomas, Master of Trilumina Lodge, purported to convene some but not all members of Trilumina Lodge for a special election. According to a July 28, 2021 email sent by Thomas, the special election was to fill Director vacancies on the Marshall Temple Board of Directors. At that special election, Michael Ray Thomas, Jeffrey P. Hoey, David Michael Diehm, Justin A. Dinwiddie, Ronald M. Nelson, and Shawn D. Oliver were elected as the new Directors of Marshall Temple ("2021 Board of Directors").

Since September 1965, Marshall Temple has owned land and a building in Saline County ("the Property"). In August 2021, Jeffrey P. Hoey, one of the members of the 2021 Board of Directors, executed a warranty deed transferring the Property from Marshall Temple to Trilumina Lodge. Also in August 2021, the 2021 Board of Directors

4

attempted to gain control of Marshall Temple's bank account. The account was frozen and no parties were able to access it. The bank stated it would unfreeze the bank account when presented with a court order determining ownership of the account.

In September 2021, James D. Merchant, the President of the 2019 Board of Directors, and Marshall Temple filed a petition naming the six men on the 2021 Board of Directors as defendants. In its petition, Marshall Temple claimed that there were no vacancies on the Marshall Temple Board for Thomas to fill and that Thomas was not authorized to act on behalf of Marshall Temple. Marshall Temple claimed that the special election was in violation of both the Original and the Amended Articles of Incorporation. It stated that the 2021 Board of Directors are not authorized to act on behalf of Marshall Temple.

In Count I of its petition, Marshall Temple sought an injunction preventing the 2021 Board of Directors from holding themselves out or purporting to act as the Board of Directors of Marshall Temple. The petition also requested that the 2021 Board of Directors take all necessary steps to reverse and rescind their prior actions. Marshall Temple claimed in its petition that the warranty deed transferring the Property was fraudulent and void or voidable. Marshall Temple requested the 2021 Board of Directors withdraw its claim to the Marshall Temple bank account. In Count II of its petition, Marshall Temple sought declaratory relief asking the court to declare that the 2021 Board of Directors did not and have never had authority to act on behalf of Marshall Temple, the proper Board of Directors is the 2019 Board of Directors, Marshall Temple is the sole

5

owner of the bank account, the warranty deed transferring the Property is void, and Marshall Temple owns the Property.

The 2021 Board of Directors filed their answer and counter claim in November 2021. They also filed a motion to dismiss for failure to join persons needed for just adjudication. The motion claimed that Count I is essentially a suit between two groups of Directors of Marshall Temple. It argued that the entire 2019 Board of Directors need to be the plaintiffs bringing the suit. The motion to dismiss further argued that Trilumina Lodge needed to be added as a defendant because it was a party to the transaction involving ownership of the Property and the warranty deed. Marshall Temple opposed the motion to dismiss because Trilumina Lodge was not a legal entity on record with the Missouri Secretary of State and, thus, could not sue or be sued. A hearing was held on the motion to dismiss. The trial court noted that it was not yet established that Trilumina Lodge was not a legal entity. It indicated that it was going to order Trilumina Lodge added as a party but "if it's later developed that they need to be dismissed out, they can be dismissed out without affecting any error or anything in the case." The parties discussed whether Grand Lodge should be substituted for Trilumina Lodge. The attorney for the plaintiffs argued that Grand Lodge did not have any rights in the case. The court stated that it would permit Grand Lodge to come in if the plaintiffs desired it. The trial court ordered that the rest of the 2019 Board of Directors be added as plaintiffs and that Trilumina Lodge be added as a defendant. It ordered that the attorney for the 2021 Board of Directors would accept service on behalf of Trilumina Lodge.

Marshall Temple filed an amended petition complying with this order.[1]  The defendants filed an answer and counterclaim to the amended petition in November 2021.  Marshall Temple filed a motion to dismiss the counter claims in January 2022 for failure to state a claim upon which relief can be granted and for lack of verification.  The trial court granted the motion to dismiss the counter claims.

In February 2022, Grand Lodge filed a motion to intervene in the case.  In its petition attached to its motion to intervene, Grand Lodge stated that its by-laws prohibited individual lodges from incorporating.  The by-laws did allow the formation of Building Associations to be incorporated as non-profit corporations to hold title to, maintain, and operate the lodge's property.  Pursuant to those by-laws, Marshall Temple was incorporated by members of Trilumina Lodge with its Articles of Incorporation stating the corporation was to hold real and personal property for the benefit of Trilumina Lodge, and by extension Grand Lodge, and for no other purpose.

Grand Lodge's petition stated that the Original Articles of Incorporation of Marshall Temple required the members of the Board of Directors to be members of Trilumina Lodge.  The six men comprising the 2019 Board of Directors were suspended from membership from Trilumina Lodge with immediate effect on July 20, 2021.  Further, the 2019 Board of Directors was not authorized to amend the Articles of

---

[1] The amended petition stated that in August 2021, a quorum of the 2019 Board of Directors met and passed a resolution acknowledging, in part, that Brian Bench was to be replaced by James T. Merchant.  References to the 2019 Board of Directors include this substitution where applicable.

7

Incorporation and file the Amended Articles of Incorporation with the Missouri Secretary of State on August 4, 2021.

Grand Lodge's petition alleged in Count I a claim for conversion. It stated that the 2019 Board of Directors was elected with the understanding that it would act for the benefit of Trilumina Lodge and Grand Lodge. The 2019 Board of Directors met in secret and took action adverse to Trilumina Lodge and Grand Lodge. In attempting to amend the Articles of Incorporation, the 2019 Board of Directors are attempting to steal the assets being held for the benefit of Trilumina Lodge and Grand Lodge. The petition alleged that Grand Lodge is a tax exempt entity pursuant to Section 501(c)(10) of the Internal Revenue Code. It stated that the Amended Articles of Incorporation endanger the tax status of Trilumina Lodge and Grand Lodge.

Grand Lodge asserted in Count II a claim of breach of fiduciary duty. It stated that the 2019 Board of Directors had a duty to conduct the affairs of Marshall Temple for the purposes expressed in the Original Articles of Incorporation which includes a duty to Trilumina Lodge and Grand Lodge. Grand Lodge asserted in Count III a claim for declaratory relief and quiet title. It requested that the Missouri Secretary of State be ordered to strike the Amended Articles of Incorporation and that the court declare that the 2021 Board of Directors are the board of directors of Marshall Temple, that the 2021 Board of Directors control the assets of Marshall Temple including the bank account, and that the warranty deed for the Property be adjudged valid.

Grand Lodge's motion to intervene was argued on March 1, 2022.  The trial court denied the motion on March 10, 2022, stating:

> After hearing the arguments of counsel and review of the pleadings filed herein and case law provide[d], the Court finds Grand Lodge of Ancient and Accepted Free Masons of the State of Missouri have failed to address and establish each of the three elements necessary for intervention pursuant to Rule 52.12(a)(2) as interpreted by the Missouri Supreme Court in *State Ex Rel. Nixon v. American Tobacco Co., Inc.*,34 S.W.3d 122 (2000), and therefore its Motion to Intervene is denied.

The case proceeded to bench trial in May 2022.

The trial court entered its judgment in July 2022.  The court found that the 2019 Board of Directors was the proper Board of Directors in August 2021.  The filing of the Amended Articles of Incorporation was valid. The warranty deed transferring the Property is void and Marshall Temple is the sole and lawful owner of the Property. Marshall Temple is the sole and lawful owner of the bank account at issue.  The judgment stated that the 2021 Board of Directors do not and did not ever have any right to transfer the Property or access the bank account.  The 2021 Board of Directors were permanently enjoined from holding themselves out as having authority to act for Marshall Temple and were ordered to take all steps necessary to reverse and rescind all prior attempts to gain access to Marshall Temple's assets.

This appeal follows. [2]

---

[2] Grand Lodge appeals the denial of its motion to intervene in WD85658.  The 2021 Board of Directors and Trilumina Lodge appeal the July 2022 judgment in WD85650.  James T. Merchant died in October 2022.  He is represented in the appeal by his personal representative James D. Merchant who is also a party to these proceedings.

**Standard of Review**

"In the appeal of a bench-tried case … the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Lewis v. Lewis*, 671 S.W.3d 734, 738 (Mo. App. W.D. 2023) (internal quotation marks omitted).

**Point I**

In their first point on appeal, the 2021 Board of Directors claims the trial court erred in decreeing that the 2019 Board of Directors was the Board of Directors of Marshall Temple on August 4, 2021. They argue that there was no substantial evidence presented that the 2019 Board of Directors were elected by members of Trilumina Lodge. The 2021 Board of Directors states that the only evidence presented was testimony that James D. Merchant and Brian Bench had been elected as members of the Board of Directors and no evidence was presented with respect to any of the other members of the 2019 Board of Directors.

As noted above, Grand Lodge appealed the denial of its motion to intervene in case number WD85658. Our opinion in that appeal holds that Grand Lodge should have been permitted to intervene in the underlying lawsuit. We reversed the same judgment being appealed in this current case and remanded with instructions to grant intervention. Accordingly, we need not address this point on appeal. The point is denied.

**Point II**

After the 2019 Board of Directors filed their initial petition, the 2021 Board of Directors filed a motion to dismiss for failure to join persons needed for just adjudication. The motion cited Rule 52.04(a) and stated in relevant part that Trilumina Lodge was a necessary party. The 2019 Board of Directors opposed the motion, and a hearing was held. The trial court agreed with the 2021 Board of Directors and ordered the 2019 Board of Directors to file an amended petition adding Trilumina Lodge as a defendant. The 2019 Board of Directors then filed an amended petition pursuant to the trial court's order and named Trilumina Lodge as a defendant.

In their second point on appeal, the 2021 Board of Directors assert complaints about the *mechanics* used to add Trilumina Lodge as a party. Specifically, the 2021 Board of Directors argue that, because Trilumina Lodge is an unincorporated association, simply naming it as a party was insufficient. Instead, the 2019 Board of Directors claim it was necessary to either name every individual member of Trilumina Lodge as a defendant or name certain members of Trilumina Lodge as representative parties pursuant to Rule 52.10. This argument is being made for the first time in this appeal. Thus, it is not preserved, and we decline to review.[3] *See Steinmann v. Davenport*, 248 S.W.3d 8, 15 n.5 (Mo. App. E.D. 2008). The point is denied.

---

[3] Although we are declining to review this unpreserved claim, we note that because the judgment is being reversed and the case is being remanded to the trial court due to the error addressed in case number WD85658, the parties will have the opportunity to raise with the trial court any concerns related to the mechanics utilized to add Trilumina Lodge as a party.

11

## Conclusion

In case number WD85658, this court reversed the same judgment being appealed in this case and remanded the matter to allow intervention of Grand Lodge and proceed accordingly. Given that, we reverse the trial court's judgment in this current appeal and remand with instructions that the trial court act in accordance with our opinion in case number WD85658.[4]

_____
Anthony Rex Gabbert, Judge

All concur.

---

[4] The Respondents filed a motion for their attorneys' fees on appeal. That motion was taken with the case and is now denied given the disposition in this opinion.